Hatcher v. Winters.

HATCHER *et al.*, *Plaintiffs in Error*, v. WINTERS.

**Equity**: ASSIGNMENT FOR THE BENEFIT OF CREDITORS: MISJOINDER OF
ACTIONS. The petition stated that one of the defendants executed
a deed of assignment to the other defendants for the benefit of all
his creditors, including the plaintiffs; that the trustees entered
upon the discharge of their trust, but gave no bond, appointed no
day nor gave notice thereof, as required by statute; that plaintiffs
had, therefore, never presented their demands; that the debtor and
one of the trustees afterward entered into an agreement in writing
with plaintiffs, who were induced to enter into the same by fraudu-
lent representations on the part of defendants, whereby plaintiffs
stipulated for the retention and exclusive control by the debtor of
the assets formerly assigned and for other engagements on the part
of the defendants, and they, in consideration thereof, agreed to
forego their rights under the assignment, and that in case of any
violation by the debtor of the terms of the agreement, it should be-
come void. The petition then alleged breaches of this agreement
and non-compliance with the representations inducing the same;
that the debtor had conveyed to one of the trustees several tracts of
land, and that the defendants had failed and refused to exhibit, on
oath, a statement of the accounts of their trust to the circuit court.
It prayed a rescission of the agreement on account of the fraud al-
leged, that the deed of conveyance should be set aside as fraudu-
lent, and that the trustees might be required to make to the court a
full and detailed statement of their trust. *Held*, that the trial court
properly refused to permit plaintiffs to introduce any evidence under
their petition; because,

1st, The observance of a stipulation in an agreement between a
debtor and part of his creditors, that he should have the exclusive
possession and control of goods formerly assigned by him for the
benefit of all his creditors, would be fraudulent and avoid the as-
signment.

2nd, If a debtor, who has previously conveyed to trustees for the
benefit of his creditors, afterward conveys to one of the trustees
the same land, such trustee would take subject to the assignment,
and the creditors would not be prejudiced thereby.

3rd, A suit to set aside, on the ground of fraud, a conveyance by
a debtor of land not included in his assignment for the benefit of
creditors, should not be joined with a suit for an accounting under
the assignment.

4th, If trustees in a deed of assignment for the benefit of credit-
ors fail to discharge their duties, they may be removed by a pro-
ceeding at law and others placed in their stead.

5th, Where there was an agreement between a debtor and some of

his creditors whereby they were to forego the benefits of an assignment by him for the benefit of all his creditors, *Held*, that, if such agreement was valid and he had so violated it as to absolve the other parties from their obligation, they could claim under the assignment with the other creditors, and there would be no occasion for an equitable proceeding to vacate the agreement.

*Error to Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

AFFIRMED.

. *Collier & Mansur* for plaintiffs in error.

*Shanklin, Low & McDougal* and *Stephen Peery* for defendants in error.

HENRY, J.—James Winters, being largely indebted and pecuniarily embarrassed, with a view to secure all his creditors, on or about the 9th day of January, 1871, executed a deed of assignment conveying to Ezekiel L. and Nathan A. Winters, all his property of every kind and description, including all goods, chattels, lands, tenements, bonds, notes and accounts of the firm of James Winters & Son, the said son being N. J. Winters, a minor under twenty-one years of age, who, the petition alleged, had no interest in said firm adverse to said James Winters. The deed excepted from this general assignment the interest of said James Winters in the firm of Winters & De Bolt, a firm composed of said James Winters and K. A. De Bolt; his interest in said firm by a stipulation in said deed was to be applied to the payment of the debts of said last mentioned firm. The said conveyance was for the benefit of all the creditors of said Winters, including plaintiffs in this case. In pursuance of its terms, said trustees entered upon the discharge of their duties under said deed, and proceeded to take charge and make an inventory of the property so conveyed, and to collect the debts so assigned to them, and apply the proceeds in payment of claims against said Winters. They never gave any bond, or appointed a day within

six months after said assignment, or ever, when they would proceed publicly to adjust and allow all demands against said Winters, by advertising in a newspaper published in Grundy county, or otherwise, pursuant to the statute. Plaintiffs are creditors, but have never presented their demands, because no such notice was ever given.

Defendants, Nathan A. and James Winters, on or about the 10th day of February, 1871, entered into an agreement in writing with Alburtus Scott, John Hatcher, Hugh C. Warren, Davis C. Vincil, Henry Clem, Wilson F. Moore, Emanuel Clem, S. S. Merrill, and David Killburn, reciting the indebtedness of said James Winters to Nathan Winters, and the other parties to the agreement respectively, and the assignment by James Winters, and that the parties to the agreement were all desirous of continuing said James Winters in business, and of enabling him to settle up his affairs to the best advantage, and the said James Winters thereby agreed to pay promptly all the interest on the notes held by the other parties respectively at the end of the year, and also at the end of two years from the date thereof; that he would contract no new indebtedness or liability from and after the date thereof with any person, other than the parties to said agreement, for the space of two years thereafter, or sell any goods or property to any one on credit, who was not good and solvent over and above all exemptions allowed by law, and in consideration of such undertakings by him, the other parties agreed with him, and with each other, that they would forego all their rights and benefits on account of their said debts in said assignment, and forbear to present their claims to said assignees for allowance against the assets assigned, or, for the space of two years, or so long as said James Winters should keep and observe the stipulations on his part, to commence any action or other proceeding to collect or secure their respective claims, or to sell their respective claims to any one without first obtaining the assent of the purchaser to the terms of said agreement, and it was further

agreed that if said Winters should violate any of the terms of said agreement, it should become void, and any party, after having notified said Winters and the other parties, should be at liberty to take such steps for the collection or security of his demand as he might think proper; and the said Nathan agreed for himself and Ezekiel, that they would proceed with reasonable diligence to settle up all the other demands against James Winters & Son. Said agreement was executed by James Winters, Nathan A. Winters, W. F. Moore, O. A. Scott, Jno. Hatcher, Davis Vincil, H. C. Warren; and by consent, was also signed by S. S. Merrill, Emanuel Clem and David Killburn, creditors of James Winters, whose names by oversight were not inserted in the body thereof.

Plaintiffs, and the other creditors who signed said agreement, were induced to do so on the false and fraudulent representations made to them by Nathan and James Winters that they would at once proceed to remove the stock of goods, then in store at Milan, Missouri, to Lindley, in Grundy county, Missouri, and that the same would be turned over to James Winters, who was to have the exclusive control of the same, and continue the mercantile business at Lindley, and that the said Nathan Winters would, at the same time, advance to James Winters $3,000 to enable him to carry out said agreement, pay the accruing interest, and finally discharge the indebtedness mentioned in said agreement.

The goods in the store at Milan were of the value of $4,500, and Nathan Winters, instead of removing them to Lindley, proceeded to sell said goods at auction at Milan, and after so selling goods to the amount of $1,200, removed the balance to Lindley, and placed the same in charge of the defendant, James Winters, who then resumed business and continued the same for two weeks to about the 1st day of June, when defendant Nathan, again, without the knowledge or consent of creditors who signed said agreement and in violation thereof, resumed control of said goods and

3—71

removed them to Trenton, in Grundy county, and there commenced business on his own account, which he continued up to the institution of this suit, and has not applied the proceeds, or any part thereof, to the payment of the debts of plaintiffs or the other creditors who were parties to said agreement. In violation of said agreement, and contrary to said representations made to induce plaintiffs to make said agreement, Nathan Winters refused to pay to James Winters said $3,000.

Nathan Winters and James Winters, with the intent further to hinder, delay and defraud plaintiffs as creditors, on the 19th day of May, 1871, made an agreement by which James and wife were to convey to said Nathan several tracts of land of the value of $8,000, for the pretended consideration of $5,000, and said deed was made after the execution of the agreement between Nathan and James Winters, and plaintiffs and others. James Winters paid W. F. Moore, O. A. Scott, S. S. Merrill and David Killburn their respective demands in full. Shortly after the execution of said agreement plaintiffs surrendered to James Winters their notes and took in lieu thereof new notes. The real and personal assets so assigned by James Winters were of the aggregate value of $57,000, and the indebtedness secured thereby $42,700. Defendants failed and refused to exhibit, on oath, a statement of the accounts of said trust to the circuit court of Grundy county.

The above is an abridgment of the verbose and voluminous petition, the prayer of which was, that the agreement made between James and Nathan Winters and plaintiffs and other creditors named therein, be rescinded on account of the fraud alleged, and also, that the deed from James Winters and wife to Nathan be set aside as fraudulent, and that said assignees be required to make to the court, under oath, a full and detailed statement of the accounts of said trust, and to show cause why they have not executed the trusts confided to them by said assignment. Ezekiel Winters, one of the trustees, was no party to the agreement

between these plaintiffs and the other creditors set out in the petition.

The agreement itself contained stipulations for conduct on the part of Nathan Winters and James Winters, which would have avoided the deed of assignment if they had been observed. The retention of the possession and control of the goods by James Winters after the assignment, would have been fraudulent, as has been repeatedly decided by this court.

If the lands conveyed to Nathan by James Winters were embraced in the deed of assignment, then Nathan Winters took them subject to the assignment, and this could not, in any manner, have prejudiced the creditors.

If not conveyed by that assignment, he had a right to purchase them, and no fraud in such purchase could in any way affect the assignment, and a suit to set aside the conveyance for fraud would have stated a cause of action separate and distinct from the assignment, and having no relation to it whatever.

If the trustees failed to discharge their duties under the deed, by a proceeding in the circuit court they could have been removed and others appointed in their stead.

If the contract between plaintiffs and Nathan and James Winters was a valid contract, and they had so violated it on their part as to absolve plaintiffs from their obligation under it, then there was nothing to prevent them from claiming under the assignment with the other creditors; so that, as to that branch of the case, there was no occasion for this proceeding to vacate that agreement. The same proof would have been admissible if it had been set up against them on a presentation of their respective demands under the assignment, as would have been competent in a suit to set aside the agreement. The court very properly refused to permit plaintiffs to introduce any evidence under the petition. The judgment is affirmed. All concur.