TIEMANN v. MOLLITER, *Plaintiff in Error.*

1. **Partnership Property, Power of Surviving Partners Over.**
One of the members of a firm having died, the survivors formed a new co-partnership and continued to carry on the business. Subsequently they made an assignment for the benefit of their individual creditors and the creditors of the new firm. The property conveyed to the assignees was real estate, the title to which was vested in the surviving partners, but which belonged to the old firm; *Held*, that the assignees took no title by the assignment.

2. **Partnership:** ADMINISTRATION. The mere fact that final settlement has been made of a partnership estate in the probate court, does not invest the administrator with title to the property of the estate on hand at the time of such settlement.

*Error to Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

     *Crews & Booth* and *A. H. Bolte* for plaintiff in error.

     *D. Q. Gale* and *John R. Martin* for defendants in error.

     HOUGH, J.—Louis Trentmann, Fritz Narup and Francis Mindrup were partners in a planing mill and factory in Franklin county, doing business under the name of Trentmann, Narup & Co. Mindrup died in August, 1870. Narup and one Hellmann became administrators of the private estate of Mindrup, and also of the partnership estate of Trentmann, Narup & Co. At the date of the dissolution of the firm by the death of Mindrup, both Trentmann and Narup were insolvent and indebted to the firm, and the firm was indebted to Mindrup in the sum of $10,000. The legal title to a portion of the real property belonging to the firm was in the names of Trentmann and Narup. The business of the new firm was unsuccessful, and in 1875 Trentmann and Narup conveyed all the property of the firm, real and personal, to Wm. Tiemann and Henry Wellenkamp, as assignees, for the benefit of their individual creditors and the creditors of the firm composed of Trentmann and Narup. This property was sold by the assignees,

and defendant Molliter became the purchaser for the sum of $9,177.99, of which sum he paid in cash $2,672.33, and for the remainder executed several promissory notes. The present suit is founded upon the note first due. The defendant, Molliter, set up in his answer, that the assignment by Trentmann & Narup, and the sale by the assignees were in fraud of the rights of the estate and heirs of Mindrup, that the assignees were unable to pass a valid title to the property sold, and offered to surrender possession of the property purchased, and asked for a rescision of the contract. The plaintiffs recovered judgment, and the defendant has appealed.

There is nothing in the record before us to show that the title to the assets of the partnership estate of Mindrup, Trentmann & Narup ever vested in Trentmann & Narup. They held, it is true, the legal title to a part of the real estate, but they held it in trust for the firm. They had no authority, therefore, to transfer these assets to assignees for the benefit of their creditors, and the assignees could not pass a valid title to the defendant, Molliter.

It is stated that Hellmann and Narup had made a final settlement of the partnership estate, but it does not appear that they have ever accounted for the assets of that estate. The mere fact that a final settlement has been made by the administrators does not invest them with the title to the property of the estate on hand at the time of such settlement. The judgment will be reversed and the cause remanded, to abide the result of the proceedings on the part of the representatives of Mindrup against the partnership estate of Trentmann, Narup & Co., decided at the present term. Judgment reversed and cause remanded. The other judges concur.