HARTZLER, *Assignee*, v. TOOTLE *et al.*, *Appellants.*

1.  **Assignment for Benefit of Creditors**: STATEMENT OF PROP-
    ERTY: STATUTE.  A deed of assignment under the statute for the
    benefit of creditors is not invalid because no statement of the prop-
    erty assigned as required by Revised Statutes, section 362, is filed at
    the same time with the deed.

2.  **Deed of Assignment**: PARTNERSHIP PROPERTY.  The deed of
    assignment in this case held not invalid for the alleged reason that
    partnership property was assigned for the benefit of all the creditors
    and not for the benefit of firm creditors.

3.  ———: RESERVATION OF PROPERTY EXEMPT BY LAW.  A deed of
    assignment is not void as a matter of law because it contains a gen-
    eral reservation in the assignor of the property exempt by law from
    seizure for his debts.

*Appeal from Cass Circuit Court.*—HON. N. M. GIVAN,
Judge.

AFFIRMED.

*Comingo & Slover* and *Wooldridge & Daniel* for appel-
lants.

(1)  The instruction given for plaintiff was wrong.
*Tiemon v. Molliter*, 71 Mo. 513 ; *Phelps v. McNeeley*,
66 Mo. 554 ; *Tenney v. Johnson*, 43 N. H. 144 ; *Ferson v.
Monroe*, 21 N. H. 462.  (2)  Plaintiff's instruction should
have been refused and defendants' first one given.
*Shackleford v. Clark*, 78 Mo. 492 ; *Hillaker v. Clark*, 65
Mo. 604 ; *Caldwell v. Scott*, 54 N. H. 418 ; *Weaver v.
Weaver*, 46 Ib. 191 ; *Benson v. Ela*, 35 Ib. 420 ; *Menagh
v. Whitwell*, 52 N. Y. 146 ; *Burtus v. Tisdall*, 4 Barb.
571 ; *Conroy v. Woods*, 13 Cal. 626 ; *Williams v. Gage*,
49 Miss. 777 ; *Linford v. Linford et al.*, 28 N. J. Law,
113.  (3)  By the provisions of the alleged assignment,
Cummins reserves to himself an interest in the property

he attempted to convey, which the law forbids. When he attempts to except from the assignment "such articles of property, and such real estate as are by law exempt from execution," he reserves, or attempts to reserve, to his own use, property which, in contemplation of law, he held in trust for the creditors of Cummins & Handley, among whom were the defendants. See authorities, *supra*; also *State ex rel. Billingsley v. Spencer et al.*, 64 Mo. 355, and citations. Defendants' other instructions, especially the second and fourth, should have been given. At the time of the levy of defendants' attachment, there had not been a valid assignment, nor one that could be thereafter perfected as against their rights acquired thereby. R. S. 1879, sec. 362, p. 55; *Juliand v. Rathbone*, 39 N. Y. 369.

*W. J. Terrell* and *Railey & Burney* for respondent.

(1) The court properly declared the law in the instruction given for plaintiff. (2) The reservation of property exempt from execution is not inconsistent with a deed of assignment for the benefit of creditors. Burrill on Assignments (3 Ed.) p. 263; *Garnor v. Frederick*, 18 Ind. 507. (3) The requirement of Revised Statutes, section 362, that the assignor make a statement in writing, verified by affidavit, at the time of the execution of the deed of assignment and file the same for record with the deed is not mandatory as regards time. *Deaver v. Savage*, 3 Mo. 139; *Duvall et al. v. Blair et al.*, 7 Mo. 449; *Hardcastle v. Fisher*, 24 Mo. 70; *Bates v. Ableman*, 13 Wis. 644; *Steinlin v. Halstead*, 52 Wis. 289; *Clark v. Mix*, 15 Conn. 177; *Turner v. Jaycock*, 40 N. Y. 470; *Woodward v. Marshall*, 22 Pick. 468 and 473; *Hollister v. Loud et al.*, 2 Mich. 310; *Coots v. Chamberlain*, 39 Mich. 565 and 568; *Stamp v. Case*, 41 Mich. 267; *Meeker & Perkins v. Sanders & Shaw*, 6 Ia. 60; *Juliand v. Rathbone*, 39 N. Y. 369, has been overruled and is not

the law. *Juliand v. Rathbone,* 39 Barb. 97; *Van Vleet v. Slauson,* 45 Barb. 317; *Evans v. Chapin,* 20 How. Pr. 289; *Barbone v. Everson,* 16 Abb. Pr. 366; *Hardmann v. Bowen,* 39 N. Y. 196.

DEARMOND, C.—Jasper N. Cummins and Lewis B. Handley, composing the firm of Cummins & Handley, carried on business as merchants at Green City, in Cass county, for a number of years. The firm became largely indebted, among their creditors being Tootle, Hanna & Company, the defendants herein. Handley became the partner of Cummins in 1880, and sold out to him in November, 1881, between the first and the tenth days of the month, it seems, for about $1,100, Cummins to take assets and assume liabilities. On November 21, Cummins and wife gave a deed of trust on a partnership lot on which a grain house was situate, and on another lot to secure the payment of about nine hundred and thirty-five dollars to Handley, the latter having taken certain notes belonging to the firm for the balance of what he was to get for his interest in the firm property. December 1, Cummins made an assignment to his son-in-law, Isaac H. Liston, for the benefit of his creditors. On December 3, Tootle, Hanna & Company, in a suit in the Cass circuit court against Cummins & Handley, attached the property assigned by Cummins to Liston. S. Z. Hartzler was appointed by the circuit court assignee of Cummins, Liston being unable to give a bond. Thereupon Hartzler qualified as such assignee, and interpleaded for the property assigned to Liston, and afterwards seized in attachment. The case made on the interplea was tried by the court without the intervention of a jury, and judgment given for the interpleader, to reverse which the attaching creditor appealed to this court.

Appellants argue that the pretended sale of Handley to Cummins was fraudulent, and the deed of trust from Cummins a part of the same intentional fraud. The

firm, it seems, enlarged the field of their operations, built a grain house and embarked in the grain trade. And although at the wind-up the assets were found to be considerably less than the liabilities, yet the assumption is allowable on the whole record that neither knew much about the firm affairs, and hence that there was not honesty and good faith in these transactions is not an inevitable conclusion. There is nothing in the record establishing the existence of the fraud in fact attributed to Cummins and Handley. This is not the first instance of country store-keepers, expanded into grain dealers, finding great expectations ruinously discounted.

The decision of the case must hinge upon the one declaration given for the interpleader, upon which a number of questions arise. If it was not error to give this declaration it was not error to refuse those asked by defendants. It is this :

"If the court, sitting as a jury, believes from the evidence that Jasper N. Cummins was, on and prior to the first day of December, 1881, indebted to the various parties described in evidence, and insolvent ; that in good faith, for the sole purpose of paying off his debts and liabilities, he made a general assignment of all his goods, chattels, property and effects, subject by law to the payment of his debts, to Isaac M. Liston, assignee, for the use and benefit of all his creditors aforesaid ; that said Liston, in good faith, for the sole purpose of carrying into execution the duties and trust devolving upon him by virtue of said assignment, did enter into possession of said assigned property, as assignee aforesaid, prior to the levy of the attachment herein, and was proceeding in good faith, under said assignment, to take an inventory of the goods, chattels, property and effects of said Cummins, and was in the actual possession thereof, as such assignee, proceeding to execute the trust aforesaid, before and at the time of the levy of the writ of attachment

in this cause, upon the property aforesaid, then the court should find for the interpleader, S. Z. Hartzler."

Under this declaration, the only one given, the finding of the court disposes of all issues of fact and all arguments upon the tendency and weight of the evidence, etc., leaving for consideration here certain questions of law only. The deed of assignment to Liston, after reciting that Cummins was unable to pay his debts in full, and desired to make a fair and equitable distribution of all his property among his creditors, conveys, etc., to Liston and his assigns forever "all and singular the lands, tenements and hereditaments   *   *   *   wheresoever the same may be situated, and which lands are intended to be described in schedule 'A' hereto annexed, and to pass to said assignee under this assignment, whether correctly described or not, except homestead of said party of the first part, and also all goods, chattels, rights and credits, judgments, bonds, choses in action, evidences of debt, and property of every name and nature whatsoever of the said party of the first part, and the books, vouchers and securities relating to the same and which are intended to be described and enumerated in a schedule of same hereto annexed as exhibit 'B,' and all to pass to the said assignee, whether described or not, except such articles of property and such real estate as are by law exempt from execution.  To have   *   *   *   in trust for the use and benefit of all the creditors of the said party of the first part, and to be held and cared for, controlled and disposed of according to the statutes of Missouri concerning assignments for the benefit of creditors.  And it is further specified that if said schedule 'B' is not filed with or annexed to this deed of assignment, then the inventory filed with the circuit court of said county shall describe and specify said personal property   *   *   *   ."

This deed was executed and acknowledged December 1, and filed for record December 5.  No schedules were attached to it till December 8, when Cummins made one

under oath and in it described and valued the real and personal property "as assigned." This schedule contained over five hundred dollars' worth of property, in addition to that formerly belonging to the partnership, and exclusive of a homestead valued at six hundred dollars, put into the schedule and claimed as exempt. Prefixed to the schedule is the following: "This statement not verified or completed until December 8, 1881, because of sickness and being unable to ascertain at time of execution of deed of assignment, so as to make a careful estimate of value of said goods and chattels." The verification is "* * * that the above and foregoing is a correct and full statement of all my property and effects, including all personal property, whether exempt from execution or not, turned over and assigned for the benefit of my creditors on the day first aforesaid * * *." This schedule was filed for record the day it was made. The evidence showed that Liston took possession of the property on December 1, immediately after the assignment, and, with the aid of three or four helpers whom he employed, at once began making an inventory of the goods in the store, and continued inventorying till the goods were attached the evening of December 3. On December 8, Liston verified by the proper oath his inventory of the property assigned to him, and on the thirteenth of the same month filed his inventory in the circuit clerk's office. He never gave any bond, and was removed by the circuit court December 16, and interpleader appointed in his place, as has been stated. Cummins was sick abed when he made the deed of assignment and did not get out till December 8, when he made and swore to the schedule. Part of the real estate assigned by him, valued at two hundred dollars, was said in the schedule to be subject to the Handley deed of trust. Handley obtained an allowance of his claim by Hartzler, assignee.

It is urged that the deed of assignment was inopera-

tive because not accompanied by the verified statement required by section 362, Revised Statutes, and *Juliand v. Rathbone*, 39 N. Y. 369, is cited to support this position. I do not think the validity of the deed is wholly dependent upon the presence of this statement. The statement is not a part of the deed, for the deed must be "proved or acknowledged," etc., as other deeds. Sec. 354, R. S.; *Eppright v. Nickerson*, 78 Mo. 482. The "agent or attorney" could not thus execute the deed. The requisites of the deed are indicated in section 354, and there is no provision that to the deed, otherwise sufficient, the statement must be attached to give the deed validity. The requirement of section 362 is not accompanied by any condition rendering the deed void for non-compliance. I agree with counsel for respondent, that the chief office of the "statement" is to guide the court, judge or clerk in determining the penalty of the bond to be given by the assignee, and to aid the latter in getting into his hands all the assigned property. The authority of *Juliand v. Rathbone* is destroyed by later decisions of the same court. *Brennan v. Willson*, 71 N. Y. 502; *Hatcher v. Winter*, 71 Mo. 30, is a case where the assignees had not given bond, or appointed a time for the proving up of demands, but had taken charge of a large estate, and seemed to be managing things without regard to the statute or respect for the court. Of these assignees the court says: "If the trustees failed to discharge their duties under the deed, by a proceeding in the circuit court they could have been removed and others appointed in their stead." True, the statute has been amended, and the case just cited arose under the old law. But the principle is the same. Again, by section 355, the inventory should be filed, ordinarily, within fifteen days after the *execution* of the deed. By section 362, bond should be given within three days after the filing of the deed and statement for *record;* but no time is specified within which the filing *shall* take place. The assignee acquires

the thing assigned by the deed.   He does not acquire on condition that he give bond, make inventories, or do other things enjoined by the statutes.   His trusteeship under the deed arises before any of these things can be done.   For a neglect or failure to do his duty, he may be *displaced* and his trusteeship terminated.   *Hardcastle v. Fisher*, 24 Mo. 70; secs. 366, 367, 381, 382, R. S.

As Cummins and Handley, as a firm, were largely in-debted, it is said that the assignment cannot stand because the partnership property is assigned for the benefit of all the creditors of Cummins, and not for the benefit of the creditors of the firm.   Handley having sold out to Cum-mins and retired from the firm, and Cummins having as-sumed the payment of all the debts of the firm, this transaction between Cummins and Handly cannot be investigated from anything supplied by the record.   It is easy to understand how Cummins would follow the statute, section 354, by assigning for the benefit of all his creditors.   In this is nothing to impeach the good faith of anybody, and, since the court has complete con-trol over the allowance of demands against the assigned estate, and will act at the proper suggestion of anyone interested, I do not think the assignment can be held void, as a conclusion of law.   If Handley had sold his interest in the partnership property, he was not a proper party to a deed of assignment meant to convey and trans-fer that which Cummins alone owned.   The law says the assignment by the debtor shall be for the benefit of all his creditors.   Cummins, then, made an assignment of his property, consisting, in part, of effects formerly owned by the firm, and partly of property in which the firm never had any interest.   Cummins sustained the re-lation of a surviving partner, as to the disposition of the property derived from the firm, and as to the creditors of the firm, but no further.   He was under no legal obli-gation to make the assignment as the sole representative of the dissolved partnership, nor could he, since he was

the sole owner of the partnership effects, exclude his individual creditors from the assigned estate, though, as against the property derived from the partnership, their demands would be subordinated to those of the partnership creditors. In this case, there is no apparent confusion of the property from the partnership with the other property. The rights of creditors could easily be protected and enforced by the court in the settlement of the assigned estate. *Tiemann v. Molliter*, 71 Mo. 512, is not in conflict with this view.

A final objection to the deed is, that in it Cummins excepted generally "homestead" and such property as was exempt from execution. That his creditors could not subject to the payment of their demands anything which Cummins had a right to hold exempt from execution, is not the less true because in his deed he insists on his right to the exemptions provided by law. It appears, in fact, by reference to the schedule, and according to my understanding of the whole record, that Cummins claims as exempt his homestead, which, in his schedule, he locates and designates, and that alone. This homestead never belonged to the partnership, and so *Billingsley v. Spencer*, 64 Mo. 355, is not in point. Besides, I do not understand that a deed of assignment is void, *as a matter of law*, merely because it contains a general reservation of the property exempt by law. Whether or not any particular estate or article passes by the deed, or is exempt, or is liable to be seized in attachment or on execution, can always be ascertained in the proper way. Assuming that the trial court reached a correct conclusion concerning the facts of the case, the assignment stands as honest in point of fact, made as the interpleader's declaration puts it, "in good faith for the sole purpose of paying off his (Cummins') debts," I find no reason to disturb the judgment, which should be affirmed. All concur.