THE STATE to use of CHAS. M. NAPTON, Assignee, Respondent, v. MARY C. HUNT *et al.*, Appellants.

St. Louis Court of Appeals, November 10, 1891.

1. **Voluntary Assignments for the Benefit of Creditors:** SUMMARY REMOVAL OF ASSIGNEE. An assignee under a voluntary assignment for the benefit of creditors may be summarily removed, not only for any of the causes prescribed by the chapter of the Revised Statutes of 1889 concerning such assignments, but also for any cause for which a trustee may be summarily removed under section 3929 of those statutes, which provides for the summary removal of trustees.

2. **Summary Removal of Assignee or Trustee:** CITATION OF TRUSTEE. *Semble* that, where a trustee has removed out of the state, he may be removed under said section 3929, without citation or previous notice.

3. **Judgments:** PRESUMPTIONS. If such citation or notice were necessary, it would be presumed, in the absence of proof to the contrary, by reason of the presumption which prevails in favor of the validity of judgments of courts of record having general jurisdiction.

4. **Voluntary Assignments for the Benefit of Creditors:** COMPENSATION OF ASSIGNEE FOR LEGAL SERVICES. An assignee for the benefit of creditors is not entitled to compensation for legal services rendered by himself, the rule governing trustees in that regard being applicable to him.

5. ———: PLEADING : PARTIES : WAIVER OF OBJECTIONS. If, upon the removal of such assignee, suit for the assets for which he is accountable is brought by his successor upon his official bond, and the defendants desire to object to the action upon the ground that the creditors of the estate, and not the assignee, were the proper parties to sue, they must make the objection by demurrer, and will waive it by failing so to make it.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Stark & McEntire*, for appellants.

(1) The petition does not state a cause of action against Mary C. Hunt, as devisee of Charles L. Hunt, because on its face the cause of action, if any, arose in 1884, and Charles L. Hunt died in 1885, thus stating a claim that could have been presented for allowance against his estate in the probate court, and no reason is given for the failure of the plaintiff to so present it for allowance. R. S. 1879, secs. 185, 192; R. S. 1889, secs. 184, 191. Citations under point 5. (2) The court did not obtain jurisdiction of the assignee for the purpose of removal because he was not cited according to the statute or notified in any way of the proceeding looking to his removal. (3) The circuit court can only remove an assignee by summary proceeding in the matter of the assignment for the specific causes defined in the assignment law; for any other acts of misconduct justifying his removal the remedy is by bill in chancery attended by all the formalities of a suit in equity. (4) There was no evidence at the trial that either Charles L. Hunt or Theodore Hunt executed the bond of Davenport as assignee, and the bond was not offered in evidence. *Groll v. Tower*, 85 Mo. 249; *McConey v. Wallace*, 22 Mo. App. 377; R. S. 1879, sec. 3654; R. S. 1889, sec. 2187; *Julian v. Rogers*, 87 Mo. 229. (5) It was an error to render judgment in this case either against Mary

C. Hunt or against her realty, because no evidence was offered to show that the personal estate of Charles L. Hunt was insufficient to pay his debts, or to show whether administration of his estate was ever begun or final settlement thereof had. 2 Woerner on Administration, pp. 1264, 1267 ; 4 Kent's Com. [ 12 Ed. ] 434, 421 ; *Selover v. Coe*, 63 N. Y. 438, 442 ; *McClean v. McBean*, 74 Ill. 134, 137 ; *Baker v. Bean*, 74 Mo. 17, 21 ; *Clark v. Winchell*, 53 Vt. 408, 415. ( 6 ) If the defendants are liable in any view of the case, which is denied, then the court committed error in refusing to allow Napton to testify as to the value of the services rendered by Davenport.

*Campbell & Ryan*, for respondent.

( 1 ) Davenport having removed from Missouri and the trust remaining unadministered, the court being informed by affidavit and upon application of creditors had the right to remove Davenport and appoint Napton. *Hartzler v. Tootle*, 85 Mo. 23, 29, 30 ; *Hatcher v. Winters*, 71 Mo. 30, 35 ; *Pinneo v. Hart*, 30 Mo. 561, 569, 570 ; *State ex rel. v. Miller*, 37 Mo. App. 83, 96 ; *Murdock v. Dickson*, 36 Mo. App. 399, 409 ; *Kehoe v. Taylor*, 31 Mo. App. 588, 598 ; *Hardcastle v. Fisher*, 24 Mo. 70, 74 ; R. S. 1889, secs. 459, 8683 ; *Shockley v. Fisher*, 75 Mo. 498, 502. ( 2 ) The assignee, being a mere trustee and subject generally to the rules governing trustees and having permanently removed from the state, could be removed without notice. *In re Bignold's Settlement Trusts*, L. R. 7 Chan. App. 223 ; *In re Harrison's Trusts*, 22 L. J. ( N. S. ) Chan. 69 ; *In re Pey's Trusts*, 42 L. T. ( N. S. ) 247, 248. ( 3 ) The presumption is that the circuit court acted properly in removing Davenport. *Stahl v. Mitchell*, 41 Minn. 325.

ROMBAUER, P. J.—The plaintiff's petition states that Eugene Papin made a voluntary deed of assignment in June, 1879, to B. R. Davenport for the benefit of his

creditors, and that, on the fourth day of said month, the said Davenport qualified under the statute governing general assignments for the benefit of creditors, then in force, and gave bond, executed by Theodore Hunt and Charles L. Hunt as his sureties. The petition sets out a copy of the said bond, and alleges that said Davenport did not in all things discharge his duties as such assignee, and did not faithfully discharge the trust confided to him, and alleges a breach of said bond in the following terms, to-wit: "That heretofore, to-wit, on the sixteenth day of April, 1884, said Davenport having neglected and failed to perform his duties as such assignee, and plaintiff, Charles M. Napton, at said time was by said court appointed assignee in the place and stead of said Davenport, and qualified as such, and is now acting in that capacity; that, at the time of his dismissal from said trust, said Davenport had in his charge as such assignee the sum of $2,700, for which he has failed and neglected to account to this plaintiff as assignee of said trust."

The petition also states additional facts tending to show the liability of one of the defendants as devisee of Charles L. Hunt, which facts it is unnecessary to recite, as no point arises upon them upon this appeal.

The answers of the defendant sureties contain a general denial, and then proceed to put in issue the jurisdiction of the circuit court to dismiss Davenport as assignee and appoint Napton in his stead. They aver that no notice was served on said Davenport of any proposed application for his dismissal, and that the court never made any order on said Davenport to turn over to said Napton the assets and moneys of said estate. They further aver that while, at the time of the appointment of the said Napton, the said Davenport had in his hands $1,165.46, yet he had theretofore rendered services to said assigned estate of the value of $1,200, and was, therefore, not indebted thereto.

The case was dismissed as against Davenport, and the plaintiff filed replies denying the new matter set up in the answers.

The court upon hearing of the evidence found that the plaintiff was entitled to recover from the defendants the sum of $1,165.45, with interest from the date of the removal of their principal, subject to an offset of $350, to which the assignee was entitled for services as assignee up to the date of his discharge. The court thereupon entered judgment against the defendants for the penalty of the bond, with an award of execution for $871.55, the difference between the amount found due to the plaintiff and the defendant's offset. The defendants, appealing, assign for error that the petition states no cause of action, because it fails to allege that a proper proceeding for the removal of Davenport as assignee was instituted ; that the statute touching voluntary assignments does not provide for a summary removal of an assignee because he has removed from the state, or because he has failed to pay dividends ; that the court erred in holding that the proceedings to remove Davenport as assignee are valid, no notice or citation to him being shown ; that the court erred in excluding legal evidence offered by the defendants, and that the verdict was excessive.

The Revised Statutes, 1879, which were in force when assignee Davenport was removed, provided, in sections 381, 382 and 387 of the chapter concerning assignments for the benefit of creditors, for a summary removal of the assignee upon citation, if he failed to file an inventory, or to give bond or to pay dividends. The same statutes provided, in sections 3929 and 3930 of the chapter concerning trusts and trustees, that, "if any trustee in any deed of trust to secure the payment of a debt or other liability, or to whom any property is, or has been, conveyed, for the benefit or use of any person * * * shall remove or has removed out of this

state * * * or shall neglect or refuse to perform or exe-
cute his trust, any person interested in the debt or other
liability secured by such deed of trust may present his or
their affidavit, stating the facts of the case to the circuit
court of the county in which the property conveyed by
such deed of trust, or any part thereof, is situated;"
and that, if the court shall be satisfied that the facts
stated in the affidavit are true, it shall appoint another
trustee in place of the original trustee with the same
powers, etc.

The defendants contend that, under these laws, an
assignee could only be summarily removed for the
causes stated in sections 381, 382 and 387, *supra*, while
the plaintiff maintains that those sections do not operate
as a limitation of the powers of the circuit court, but
that, since it is conceded that an assignee is a trustee,
he may be summarily removed from his trust for any of
the causes mentioned in section 3929. We conclude that
the plaintiff's contention is correct.   There is nothing
in sections 381, 382 and 387, which would indicate that
the legislature intended that assignees should be sum-
marily removed only for the causes therein stated, nor
is there anything in the nature of a trust of an assignee
which would render his summary removal for causes,
for which other trustees may be removed, inexpedient.
There is no decision of any appellate court in this state
covering the exact point.   But intimations are found in
many cases indicating that such is the view of these
courts.   *Pinneo v. Hart*, 30 Mo. 561, 569, 570 ; *Hatcher
v. Winters*, 71 Mo. 30, 35 ; *Hartzler v. Tootle*, 85 Mo. 23,
29, 30 ; *Kehoe v. Taylor*, 31 Mo. App. 588, 598 ; *State ex
rel. v. Field*, 37 Mo. App. 83, 96.   The first assignment
of error must, therefore, be ruled against the defend-
ants.

It is not controverted that, at the date of the
removal of Davenport as assignee, he had removed from
the state ; that fact appears in the evidence of both
parties.   Assuming, therefore, that the court had power

to remove the assignee for that cause alone, the validity of his removal cannot be questioned on the ground that no good cause existed, but only on the ground that the assignee had no due notice of the intended application for his removal. It will be perceived by examining the provisions of sections 3929 and 3930, *supra*, that they do not provide for a trial of the facts upon notice and answer, as sections 3932 and 3933 of the same law provide, but simply for presentation of an affidavit, and an inquiry by the court into the truth of the facts alleged therein. But even if we concede, for the purposes of the argument, that an order of removal without notice to the trustee would be invalid, yet we are bound to presume, nothing to the contrary appearing in the record, that Davenport in this case had due notice, because there is a presumption in all this class of cases upholding the validity of the judgments of courts of record having general jurisdiction. *Stahl v. Mitchell*, 41 Minn. 331. On the other hand, there are cases which we do hold, and it seems to us with good reason, that a trustee who removes beyond the jurisdiction of the court may be removed without citation. In *In re Bignold's Settlement Trusts*, L. R. 7 Chan. App. 223, service on a trustee who had become non-resident was dispensed with; and in *In re Martin Pey's Trusts*, 42 L. T. (N. S.) 247, MALIN, V. C., said, that he would make the new appointment, even if the non-resident trustee opposed it; hence he would not require any service. Since notice in any case is only required to give the trustee an opportunity to oppose the removal on legal grounds, it is not well conceivable how the want of notice can affect the validity of his removal, when the cause of removal is imperative and the existence of the cause is confessed.

The exception to the exclusion of evidence arises in this manner. While the plaintiff was on the stand as a witness, the defendants offered to show by him the value of certain legal services rendered by Davenport, while

assignee. In the course of that examination the plain-
tiff stated that several years ago he had examined into
this matter, and had concluded at that time what the
services were worth. The court did not permit the wit-
ness to state what he had concluded at that time, but
did permit him, against the plaintiff's objection, to
state what he then (at the date of the trial) considered
the value of such services. For the most obvious
reasons there was no error in this ruling, of which the
defendants had any right to complain. It was decided
in *Gamble v. Gibson*, 59 Mo. 585, 593, that, while an
executor may employ the services of an agent or attor-
ney, if necessary, and pay for them out of the estate,
yet, if he himself undertakes to act for the estate in
such a capacity, he can receive no compensation for his
services. The decision was not placed upon any ground
specially applicable to executors or administrators, but
upon a principle applicable to trustees generally.
Judge WAGNER, in the course of the opinion, says that
the rule is so strict, that if the trustee has a partner,
and employs such partner as attorney, no charge can be
made by the firm. Many cases are cited in support of
the rule. The court, therefore, in this case would have
committed no error, had it rejected all the testimony in
regard to the value of Davenport's services, as attorney,
for himself, as assignee. The court, as above seen, did
allow to the defendants as sureties credit for what it
considered reasonable allowances to the assignee for
managing the estate, which amount was deducted from
the amount admitted to have been in the assignee's
hands and unaccounted for. As the statute nowhere
provides for the measure of these allowances, they are
largely within the discretion of the court having control
of the assigned estate. There is nothing in the record
to show that the court abused its discretion in this
instance. The assignments of error, that the court
excluded legal evidence, and that the verdict is exces-
ive, must, therefore, also be overruled.

A point is made in the printed argument, that the plaintiff is not the proper party to sue on the bond, but that the suit should have been brought by the creditors of the estate. No such point is made in the assignment of errors, and we may briefly dispose of it by saying that, if such objection were tenable at all, it is one which affects the plaintiff's legal capacity to sue, and must be made by demurrer to the petition. R. S., sec. 2043. Not having been thus made, it is waived under the provisions of section 2017.

All the judges concurring, the judgment is affirmed.