LOUIS H. HAASE, Assignee, Appellant, v. NELSON DISTILLING COMPANY *et al.*, Respondents.

St. Louis Court of Appeals, December 10, 1895.

1. **Assignment for Benefit of Creditors:** EFFECT OF STATUTE. The statute in relation to assignments for the benefit of creditors does not abridge the common law right of a debtor to prefer creditors by sale, mortgage, pledge, or payment; and no instrument can be construed to be a general assignment under the statute, unless it was intended by the grantor to operate as such.

2. **Pleading:** EFFECT OF ANSWER TO PETITION. A defendant by answering over waives all objections to the petition of the plaintiff, except to the jurisdiction of the court and the failure of the petition to state a cause of action.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*John B. Roeder* and *John A. Gilliam* for appellant.

(1)   The instruction given by the court, of its own motion, declaring that the instrument in question does not come within the statute of voluntary assignments is erroneous, and is contrary to the law and the evidence in the case.    *Douglass v. Cissna*, 17 Mo. App. 44; *Bascom v. Rainwater*, 30 Mo. App. 483; *Mills v. Williams*, 31 Mo. App. 447; *Rosenthal v. Frank*, 37 Mo.

App. 272; *In re Assignment of Zwang*, 39 Mo. App. 356; *Crow v. Beardsley*, 68 Mo. 435; *Sexton v. Anderson*, 95 Mo. 382; Burrill on Assignments, secs. 6 and 8 and note to latter; *Goodwin v. Kerr*, 80 Mo. 276. (2) There was no evidence upon which to base the court's judgment, and it must fall for lack of evidence to support it; and under the law and the evidence the finding should have been for the plaintiff. *Crow v. Beardsley*, 68 Mo. 435; *Douglass v. Cissna*, 17 Mo. App. 55; *Rosenthal v. Frank*, 37 Mo. App. 272.

*Henry B. Davis* and *Henry M. Post* for respondent.

The instrument on its face is only a mortgage, or deed of trust in the nature of a mortgage, to secure certain creditors. And this is so, even though it contained no clause of defeasance. *Smith, etc., Improvement Co. v. Thurman*, 29 Mo. App. 186; *Crow v. Beardsley*, 68 Mo. 435; *In re Assignment of Zwang*, 39 Mo. App. 356; *Hargadine v. Henderson*, 97 Mo. 375; *Jaffrey v. Matthews*, 120 Mo. 317; *Union Bank v. Kansas City Bank*, 136 U. S. 233, at pp. 234, 235.

ROMBAUER, P. J.—The action is trespass. The petition charges that the defendants wrongfully took from plaintiff's possession certain goods of which he was lawfully possessed, his title to them being derived under the following instrument:

"ST. LOUIS, January 4, 1892.

"To secure my creditors hereinafter named, *pro rata*, according to what I owe to each, I hereby assign and transfer to Louis H. Haase, in trust for said creditors, my store and stock of goods at number 603, South Broadway, city of St. Louis, and all goods and chattels connected therewith, and, also, all books and all accounts and debts owing to

me for sales from said store or arising out of said grocery business. I hereby authorize said trustee to sell said goods, or any part thereof, and also the good will of the business, in such manner and on such terms as he and a majority (in amount) of my said creditors may deem best, and, after deducting his necessary expenses in the premises, he shall pay the remainder to said creditors, share and share alike. The creditors referred to are as follows: Adam Roth Grocer Company, Cupples Woodenware Company, A. C. L. Haase & Sons Fish Company, R. J. Boekoff & Company, Wm. Schotten & Company, Barnhart Mercantile Company, Charles Roeder & Company, Heitz & Etz, Schweppe Grocery Company, Haas Soap Company, Greeley–Burnham Grocery Company, H. C. Hollmann & Company. The foregoing are the creditors who are to participate in the division of said proceeds, and such others (if any) to whom I may owe balances for supplies furnished to said store shall also participate ratably with those expressly named. Possession of said store and stock, books and claims, is hereby delivered to said Louis H. Haase, and the insurance thereon is also hereby assigned and transferred to him.

(Signed) "CHAS. A. FISCHER."

The petition further states that the plaintiff took immediate possession of said goods, and continued in their possession until they were wrongfully taken by defendants without his leave. It also alleges that the circuit court of the city of St. Louis declared the instrument, under which plaintiff claims, a general assignment for the benefit of all his creditors, and that since said decision he was holding the goods and disposing of them as such assignee.

The defendants answered admitting the execution of the instrument set out in plaintiff's petition, but averred that the conveyance by Fischer to plaintiff was

voidable by them as creditors of Fischer, because thereby Fischer fraudulently conveyed or assigned his property so as to hinder or delay them as his creditors, and that the plaintiff was fully aware, when he took possession of said goods, that Fischer was by said instrument fraudulently conveying his goods so as to hinder and delay his creditors.

The plaintiff replied denying any fraud in the assignment. The cause was tried by the court without a jury. The plaintiff gave in evidence the instrument set out in his petition, which was read without objection. He also proved that he at once took possession of the property assigned to him thereby, but that it was attached while in his possession by the defendants on the seventh day of January, 1892, and subsequent days; that he thereupon made claim of the property, and the defendants executed indemnifying bonds to the officer levying the attachments, whereupon the property was taken out of his possession and sold. The plaintiff also gave evidence showing that, subsequently thereto, the instrument under which he held was adjudged by the circuit court of the city of St. Louis to be a general assignment for the benefit of all of Fischer's creditors, whereupon he gave bond as such assignee. It was admitted that none of the defendants were parties to the proceedings adjudging plaintiff to be an assignee for the benefit of all the creditors, and that none of them made proof of their claims before him as assignee.

The record is silent as to the disposition made of the attachment suits instituted by the defendants. The defendants offered no evidence showing or tending to show any fraud in the assignment. This, and proof of the value of the goods, was the only evidence before the court, the record reciting in terms that *"this was all the evidence."*

The plaintiff thereupon asked an instruction to the effect, that by the instrument set out the plaintiff became an assignee of the goods and property in said conveyance described for the benefit of all the creditors of Fischer in accordance with the statute governing voluntary assignments, and that, if the court found that the defendants subsequently took the goods wrongfully from his possession, they were liable to him for such wrongful taking. The court refused this instruction, but upon its own motion made the following declaration of law:

"The court declares as a matter of law that the instrument read in evidence, under which plaintiff claims title as assignee for the benefit of all the creditors of Charles H. Fischer, is not a voluntary assignment for the benefit of all the creditors within the meaning of the statute relating to assignments for the benefit of creditors of said Fischer, *and does not convey to the plaintiff any title as such assignee.*" The italics are our own.

The court thereupon rendered judgment for the defendants. The plaintiff in due time filed his motion for new trial on the ground, among others, that the court erred in its rulings on the instructions, and that the finding of the court is contrary to the undisputed facts; also that the finding of the court is contrary to the theory upon which it tried the case, and is a surprise to the plaintiff. This motion was overruled and the plaintiff appeals, assigning for error the rulings of the court complained of in his motion for new trial.

The court properly declared the law, that the instrument sued on was not one creating a general assignment under the statute. The decisions in *Hargadine v. Henderson*, 97 Mo. 375, and *Jaffrey v. Mathews*, 120 Mo. 317, conclusively establish that no instrument can be construed by the court to work a general

assignment under the statute, unless it distinctly appears that the grantor intended that it should so operate. The statute, as was said in the case last cited, was not intended to abolish or abridge a debtor's common law right, whether solvent or insolvent, in good faith *to sell, deliver in payment*, mortgage or pledge, the whole or any part of his property, for the benefit of one or more of his creditors. Such being the law, it is immaterial whether this object is accomplished by a direct transfer of property to the creditor, or by its transfer to a trustee for the creditor, and equally immaterial whether the conveyance is in the nature of a mortgage, or in the nature of an absolute appropriation of the debtor's assets for the benefit of specified creditors.

The instrument in question shows upon its face that it was to inure only to the benefit of the "store" creditors of the grantor. The evidence conclusively establishes that the grantor had other property used as a dramshop, and other creditors who furnished goods for the dramshop, and that this other property was not conveyed to Haase because the grantor intended that the two classes of creditors were to be remitted for their satisfaction to the assets which they had furnished. Under all the evidence the instrument admits of no other construction.

On the other hand, we must conclude that the court erred in rendering a judgment for the defendants under the pleadings and evidence. As far as the evidence in the record indicates, the plaintiff was in the lawful possession of the property and the defendants took it from him wrongfully, or, in other words, have failed to show that they took it from him rightfully. The court was evidently of opinion that, because the plaintiff sued as statutory assignee, he could not recover if he failed to show title as such. As the capacity in

which the plaintiff sued appeared on the face of the petition, it could not be taken advantage of by answer. The plaintiff's *cause of action* was not dependent upon the capacity in which he sued, but upon the question whether he was rightfully in possession of the goods, and whether the defendants wrongfully took them from him.

It was claimed by the defendants upon the argument before us that they had at first demurred to the plaintiff's petition, and only answered after the court had overruled their demurrer. This does not appear by the record before us, and would be immaterial if it did appear. The defendants by answering over waived all objections to plaintiff's petition, except that it stated no cause of action, and that the court had no jurisdiction of the subject-matter. *State to use of Napton v. Hunt*, 46 Mo. App. 616–624; *Dodson v. Lomax*, 113 Mo. 555; *Spillane v. Railroad*, 111 Mo. 555; *The Young Men's Christian Association v. Dubach*, 82 Mo. 475–481.

This case furnishes an apt illustration of the necessity of a rigid adherence to the statutory rule. The plaintiff had been adjudged a statutory assignee by the circuit court. He prosecutes the action as such. He tries the case as such upon pleadings which in no manner present the issue whether he is statutory assignee or not, and, when upon issues thus joined he shows a right of recovery, the court renders judgment for his adversary, not because the plaintiff has failed to show cause of action, but because he has failed to sue in the right capacity. This cuts him off from all right of amendment which he would have had, if the defendants had insisted on their objection in the first instance by standing upon their demurrer. The code provisions above referred to are designed for the very purpose of preventing such unjust results.

It results from the foregoing that the judgment of the trial court must be reversed, and the cause remanded.   So ordered.   All the judges concur.