LOUIS H. HAASE, Respondent, v. THE NELSON DISTILLING COMPANY AND FREDERICK J. CORNET, Appellants.

St. Louis Court of Appeals, January 4, 1898.

1. **Conveyance of Personal Property: CONSTRUCTION.** To render a conveyance of personal property void on its face as to the creditors of the grantor, the impeaching facts must appear expressly or by necessary implication from the language of the instrument. *Grocer Co. v. Miller*, 53 Mo. App. *loc. cit.* 117.

2. **Practice, Appellate: CONFLICT OF EVIDENCE: FINDING.** With the finding of the trier of the facts upon conflicting testimony, the appellate court, in the absence of any legal error intervening at the trial, has nothing to do.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Henry B. Davis* and *H. M. Post* for appellants.

Although there is no clause of defeasance in the instrument, yet "if a surplus remains in the hands of the trustee, after the purposes of the trust have been discharged, it will go to the grantor, in whose favor a

resulting trust for such excess will be implied, even if it be not expressed in the conveyance." *Hargadine v. Henderson*, 97 Mo. 385; *Ring v. Ring*, 12 Mo. App. 92; *Bigelow v. Stringer*, 40 Mo. 208.

The appellate courts of the state do not regard with favor such attempts to protect the debtor by withholding his property from the reach of his creditors. *State to use v. Mueller*, 10 Mo. App. 87. See, also, *Thompson v. Foerstel*, 10 Mo. App. 297; *Grocer Co. v. Miller*, 53 *Id.* 116; *Bullene v. Barret*, 87 Mo. 188; *Smith v. Ham*, 51 Mo. 433.

To validate such an assignment, under our statute, there must have been an open, visible and notorious change of possession, or the mortgage must have been promptly recorded. R. S. 1889, sec. 5176; *Claflin v. Rosenburg*, 42 Mo. 439; *Stern v. Henly*, 68 *Id.* 262; *Wright v. McCormick*, 67 *Id.* 426; *Lesem v. Hereford*, 44 *Id.* 323; *Bishop v. O'Connell*, 56 *Id.* 158.

*John B. Roeder* and *John A. Gilliam* for respondent.

There was no surplus to go to the grantor in the instrument. *Benoist* case, 37 Mo. 511, 512.

All the alleged facts were submitted to the court sitting as a jury, and he has found that there was no fraud. *Johnson v. McAllister's Assignee*, 30 Mo. 327; *Gates v. LaBeaume*, 19 *Id.* 17.

Bond, J.—Plaintiff, as trustee, in a conveyance of certain personal property by Chas. A. Fischer, brings an action of trespass against defendants for causing the seizure of a portion of said property under process of attachment. The damage is claimed at $2,000. The answer, among other defenses, alleges the conveyance to plaintiff to have been fraudulent as to defendants who are attaching creditors of the grantor in said con-

veyance. On a former trial of this cause the petition alleged that plaintiff was a "statutory assignee," and a judgment was given for defendants, which was reversed upon an appeal to this court. *Haase v. Nelson Distilling Co.*, 64 Mo. App. 131.

When the case was remanded a trial was had upon the present pleadings, and the court sitting as a jury rendered judgment for plaintiff for $1,302, from which two defendants, the Nelson Distilling Company and Frederick J. Cornet, appealed.

The first error assigned is that the instrument of conveyance to plaintiff is fraudulent on its face. This

CONVEYANCE of personal property: construction.

instrument was set out in the opinion of this court on the former appeal and need not be again recited. It was then held that it did not operate as a general statutory assignment for the benefit of all creditors of the maker, but that it was merely an exercise of the legal right of every debtor to sell, deliver in payment, mortgage or pledge the whole or any part of his property for the benefit of a certain class of creditors designated in the case in hand by the terms "store creditors." If the instrument had been fraudulent on its face, this court would not have remanded the cause. The fact that it did remand the cause necessarily involved an adjudication by it that the instrument was void as to creditors by reason of fraud on its face. For if that had been shown, there could have been no recovery by the grantee, either as trustee or statutory assignee, against the defendants who are attaching creditors of the grantor. Aside from the implied adjudication of the *prima facie* validity of the instrument under review, the same result would follow if an independent construction is given to its provisions; for the rule is that to render an instrument void on its face as to the creditors of the grantor, the impeaching facts must

appear expressly or by necessary implication from the language of the instrument. *The Oliver-Fannie Grocer Co. v. Miller*, 53 Mo. App. *loc. cit.* 117, and cases cited. An examination of the one in question does not show, as contended by appellant, that a use resulted to the grantor either expressly or by necessary implication from the terms employed. The first assignment of error is therefore overruled.

The next errors assigned relate to the extrinsic evidence tending to show that the conveyance to plaintiff was fraudulent. This evidence, both as to fraudulent purpose of the parties, and as to the failure of the plaintiff to take such open and visible possession of the property as to apprise persons familiar with its former ownership that a change in the title had taken place, was before the court. It was properly presented in the declarations of law; that it did not outweigh the evidence of a contrary import contained in the record, is shown by the finding of the trier of the facts. With his decision upon conflicting testimony, appellate courts, in the absence of legal error intervening at the trial, have nothing to do. The judgment in this case will therefore be affirmed. All concur.

*PRACTICE, appellate: conflict of evidence: finding.*