UNIVERSAL LOCK & STOPPER COMPANY, ALBERT B. BOWMAN, Assignee, and NATIONAL SURETY COMPANY, Respondents, v. BLAKE & JOHNSON, Appellant.

St. Louis Court of Appeals, May 8, 1900.

1. **Assignee of Assigned Estate:** JURISDICTION OF ASSIGNEE AFTER DISCHARGE: PRACTICE, TRIAL. After the due discharge of the assignee of an assigned estate, the only jurisdiction retained over him, in the further proceedings in that court to wind up the trust, is the right and power to compel him to deliver in the charge and custody of such court such portion of the assets and evidences thereof as remain in his hands.

2. ———: ———: ———: STATUTORY CONSTRUCTION. This limited retention of jurisdiction does not embrace the power to enter judgment against the discharged assignee and the surety on his bond under the terms of section 356 of the Revised Statutes of 1899.

Appeal from the St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*Boogher & Taylor* for appellant.

(1) The failure of the assignee to pay a dividend to the appellant, within three days after notice so to do served upon him and upon the security on his bond, renders him and his surety liable to a judgment for such an amount of dividend on appellant's claim as the evidence disclose the estate in his hands can pay, together with a penalty of five per cent per month from the date of such service, and it was error for the court below to overrule appellant's motion for such judgment. R. S. 1889, sec. 457; R. S. 1879, sec. 387; In re Est. of Murdock & Dickson, Petition of D. N. Armstrong, 36 Mo. App. 399; Eppright v. Kaufman, Admr., 35 Mo. App. 455; Eppright v. Kaufman, Admr., 90 Mo. 25. (2) The fact that the court entered an order removing the assignee, and appointing Charles F. Krone assignee, does not bar this action against the assignee (Bowman) and his surety because: (a) Krone did not qualify as such assignee, and until he did qualify, Bowman was still the assignee and subject to all the liabilities of an assignee, and (b) before an assignee can be discharged there must be a final accounting and a decree thereon. Such was never had in this estate. 2 Encyclopedia of Pleading and Practice, 917; 3 Am. & Eng. Ency. of Law (2 Ed.), p. 121.

*McKeighan, Barclay & Watts* and *Robt. A. Holland, Jr.* for respondents.

(1) The appellant's motion for a new trial assigns as grounds for same only the following reasons, to wit: "Because the said order and judgment is contrary to the law of the case and is erroneous; because it is against the evidence and the weight of the evidence; and because the court erred in not awarding judgment in favor of petitioner and against assignee and surety described in petition." The law is well settled in this state that it rests exclusively with the trial court to determine whether or not a verdict is against the weight of the evidence, and an appellate court will not review the determination of the trial court upon this point. O'Hara v. Iron & Foundry Co., 66 Mo. App. 53; Davis v. Railroad Co., 46 Mo. App. 180; Honeycutt v. Railroad Co., 40 Mo. App. 674; State v. Richardson, 117 Mo. 586; Bray v. Kremp, 113 Mo. 552; Brown v. Railroad Co., 50 Mo. 461. (2) The court below had no jurisdiction to entertain such a summary proceeding as the one in question, for the reason that this was not a proceeding against an assignee, but against a man who had been assignee two years before, but who had long since been removed and discharged. He was no longer an officer of the court, and no longer subject to the summary orders of the court.

BOND, J.—On the third of July, 1894, the Universal Lock & Stopper Company made a general assignment for the benefit of its creditors to Albert B. Bowman. On the tenth of July, 1894, said Bowman qualified as such assignee, and proceeded to hear and allow demands, and among others, allowed the demand of Blake & Johnson, a corporation organized under the laws of the state of Connecticut in the sum of $1,017.90 On the fifteenth of March, 1897, said Albert B. Bowman was discharged and removed from his

trust upon the petition of a creditor for failure to obey a previous order of the court requiring him to make a statement of his accounts, and Charles F. Krone was appointed assignee in his stead. Thereafter on December 1, 1898, Blake & Johnson made a written demand of said Bowman and the surety on his bond as assignee for the payment of a dividend upon its allowed demand, and thereafter on January 13, 1899, moved for judgment against said assignee and the surety on his bond for failure to comply with such demand. On the hearing of this motion the foregoing facts were made to appear, and there was also evidence tending to show that said Bowman while acting as assignee had received from the assets of the assigned estate a sufficient sum of money to have paid a dividend of thirty per cent on the allowed demands; that he had never paid the mover any dividend, but had paid it $45 after notice had been given him of its intention to move for judgment. The court denied the motion for judgment, and the mover appealed.

The controlling question presented by this appeal is, whether or not by virtue of section 356 of the revision of 1899 it was competent for the owner of the allowed demand to recover judgment on motion against the former assignee and his surety on his official bond? The intention of that section of the statute was to authorize a summary judgment against a delinquent assignee and his sureties on his bond as such for failure on his part, either to pay a first dividend within the time prescribed by the statute, or dividends thereafter whenever he should be in possession of sufficient assets to pay five per cent on the demands allowed against the estate in his hands. The statute in question further provides, that he (the assignee), in addition to such forfeiture, should also be subject to be dismissed from his trust for such neglect and refusal, on motion and citation for that purpose. When the present motion for judgment against

A. B. Bowman and his surety was filed he was no longer assignee, having been previously removed by order of the court wherein the administration of the assigned estate was conducted. After the due discharge of the assignee of an assigned estate the only jurisdiction retained over him in the further proceedings in that court to wind up the trust, is the right and power to compel him to deliver in the charge and custody of such court such portion of the assets and evidences thereof as remain in his hands. This limited retention of jurisdiction does not embrace the power to enter judgment against the discharged assignee and the surety on his bond under the terms of section 356 of the Revised Statutes of 1899. It is true that the assignee and the surety on his official bond are still liable for all of his delinquencies while engaged in the discharge of his trust and that recovery may be had against him and his sureties by appropriate action on the part of parties in interest (State to use of Napton v. Hunt, 46 Mo. App. 616. In re Assignment of Murdoch, 129 Mo. loc. cit. 498), and that upon a recovery in such action the assignee should be charged with the highest legal rate of interest compounded annually for the misuse by him of the trust funds. And according to the evidence in the record before us it would seem that the moving creditor has a clear right to such redress, but the provisions of the statute under which this proceeding was instituted apply only to cases of the failure or refusal of existing assignees to pay dividends. This statute has no application to a proceeding against a discharged assignee, as further appears from its concluding words making the ground of such motion for judgment also the ground of a discharge of the assignee from the further performance of his duties as trustee. It is evident, therefore, that the statute contemplated a proceeding by motion against an assignee who had not been previously discharged and over whom the court had still

retained its general jurisdiction and control. The result is that the judgment herein is affirmed. Judge *Bland* con- curs; Judge *Biggs* absent.