## KIMMEL *v.* KIMMEL.

EVIDENCE.—*Proceeding to Remove Guardian.*—On the trial of a proceeding to remove a guardian for failure to file, within three months after his appointment, an inventory, verified by oath, of the real and personal estate of his ward, the clerk testified that no inventory had been found among the papers, and that it was not his habit to make a record of the filing of such inventories, but merely to mark them filed.

*Held,* on appeal from a judgment of removal of the guardian, that in the absence of evidence showing affirmatively that such inventory had been filed, this sufficiently showed that none had been filed.

From the Hamilton Circuit Court.

*W. O'Brien* and *R. Graham,* for appellant.

WORDEN, J.—In February, 1866, the appellant was appointed, in the Hamilton Court of Common Pleas, guardian

for Jesse Kimmel, a minor child of John Kimmel, then deceased, and the appellee, Mary Kimmel. In March, 1873, the appellee, the mother of the ward, filed her petition in the court below for the removal of the said guardian, on the ground, amongst other things, "that he did not make out and file within three months after his appointment, nor since that time, a full inventory, verified by oath, of the real and personal estate of his ward." The cause was tried by the court, who found for the petitioner, and removed the guardian. A motion for a new trial was made and overruled. Exception.

The evidence, we think, clearly sustains the finding on the point above stated. The evidence shows that, in August, 1869, and January, 1871, the appellant filed accounts current with the estate of his ward, but it fails to show that he ever returned an inventory of the real and personal estate of his ward, both of which the ward had.

The clerk testified that there was no inventory filed in the matter, at least none had been found among the papers. On cross-examination, he said it was not the habit of the clerk to make a record of the filing of such inventories, more than to mark them filed. In the absence of any evidence showing affirmatively that such inventory had been filed, we think the above sufficiently shows that none had been filed. The statute makes it the duty of a guardian to file such inventory within three months after his appointment, and failing to do so, he may be removed. 2 G. & H. 567, sec. 9.

There was some evidence given, over the exception of the appellant, that seems to us to have been irrelevant, but it was entirely harmless, having no bearing upon the point on which we decide the cause.

The judgment below is affirmed, with costs.