Stayner *v.* Joice *et al.*

---

No. 8788.

## STAYNER *v.* JOICE ET AL.

JUDGMENT.—*Complaint to Review.*—A complaint to review a judgment must be tried by the record, and must disclose such error therein as would be good ground for a reversal by the Supreme Court.

SAME.—*Promissory Note.*—*Material Alteration.*—*Evidence.*—A complaint for the review of a judgment, because of a material alteration of the promissory note sued on, which contains uncontradicted evidence in support of plaintiff's verified answer of *non est factum*, is sufficient on demurrer.

PROMISSORY NOTE.—*Alteration.*—*Surety.*—*Discharge.*— A material alteration in a note made after it has been signed by the surety, and before delivery, without his knowledge or consent, invalidates the note as to him, and the changing of the time of payment from "one day" to "one year" after date is such alteration as will discharge the surety.

From the Steuben Circuit Court.
*R. W. McBride,* for appellant.
*J. A. Woodhull* and *W. G. Croxton,* for appellees.

FRANKLIN, C.—Appellant filed a complaint to review a judgment in favor of appellee Joice, rendered against him and appellee Zephaniah B. Stayner, on a promissory note.

The complaint is for errors of law apparent upon the face of the record of the proceedings and judgment.

The error assigned in this court is the sustaining of a demurrer to the complaint. The error assigned in the complaint is the overruling of appellant's motion for a new trial. The reasons assigned for a new trial are that the finding was not sustained by sufficient evidence, and was contrary to law.

The case appears to have been prepared for an appeal to this court from the original judgment, but instead of filing the transcript in this court, appellant commenced this suit in the court below to review the judgment, and has appealed in the latter proceeding.

A bill of review for error of law appearing in the proceedings and judgment can not be sustained, unless the error assigned is apparent on the face of the record, and is such that the Supreme Court would reverse the judgment on appeal. And in a complaint for review for errors apparent in the record, no issuable fact can be presented. *Richardson* v. *Howk*, 45 Ind. 451 ; Buskirk's Practice, 271.

The evidence given at the original trial, by bill of exceptions, is in the record which is made a part of the complaint to review. And as to whether the finding was contrary to law, depends upon the uncontradicted facts proven.

The issue upon the trial was upon appellant's verified answer of *non est factum.*

The note upon its face shows changes by erasures and interlineation, as is shown by the following copy :

"$149.11.        ORLAND, INDIANA, October 24th, 1873.

year
" One ~~day~~ after date, we promise to pay to the order of William S. Joice one hundred forty nine and $\frac{11}{100}$ dollars, value received, without any relief from valuation or appraisement laws, with ten per cent. interest ~~after maturity.~~

"ZEPH. B. STAYNER,
" JESSE STAYNER."

Stayner *v.* Joice *et al.*

The evidence shows that the note was written by one Fox, who was attending to business for appellee Joice, and handed to appellee Zephaniah B. Stayner to procure some one as surety; that Joice had promised him a year's time if he would secure it; that appellant signed it in the absence of the payee or his agent, and left it with the principal to be delivered; that there was no alteration in it at the time it was signed by him; that the change was afterwards made without his knowledge or consent; that when the note was delivered to appellee Joice, it had been changed, as it now appears. There is no conflict in the testimony as to the foregoing facts. There is a conflict as to whether the note was changed by Zephaiah B. Stayner, the principal, or one Fox, acting for Joice, the payee, with the principal's consent, before it was delivered to Joice. But this is immaterial; the fact existed that the note was changed after it was delivered to appellee, without the knowledge or consent of either of them. There can be no question as to the materiality of the change. When the note was delivered to appellee, it was not appellant's note. This note never was a valid instrument against appellant, because it never was executed by being delivered as signed. Therefore, the doctrine of mutilation or spoliation by mistake or accident, or by a stranger, can not apply. There was nothing valid to mutilate or spoil.

A material alteration in a note shown upon its face by erasures and interlineations, made after it has been signed by a surety and before delivery, without his knowledge or consent, destroys the note as to him, and it can not be enforced against him. He has a right to stipulate in his contract the amount and terms of his obligation, and where there is such a material change in either, it destroys his proposition to obligate himself, and it never becomes a contract. *Draper* v. *Wood,* 112 Mass. 315 (17 Am. R. 92–97, note *et seq.*); *Woodworth* v. *Bank of America,* 19 Johns. 391 (10 Am. Dec. 239, 270, note).

The evidence does not support the finding of the court, and the finding is, therefore, contrary to law.

The court below erred in overruling the motion for a new trial, and consequently erred in sustaining the demurrer to the complaint for review.

The judgment below ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things reversed, at appellees' costs, and that the cause be remanded with instructions to the court below to overrule the demurrer to the complaint for review, and for further proceedings in accordance with this opinion.