Filed June 22, 1886.

No. 11,865.

## ATKINSON v. DAILEY.

ATTORNEY AND CLIENT.—*Value of Services.—Evidence.—Jury.*—In determining the value of personal services, the jury must be governed by the evidence in the case.

SAME.—*Reference to Third Persons to Fix Value.—Contract.*—Where services have been performed and no dispute exists as to their value, a mere oral reference to a third person to fix their value is not conclusive.

INSTRUCTIONS TO JURY.—*Practice.*—In determining whether an instruction is erroneous, it will be considered in connection with the others given.

SAME.—It is not error to refuse to give instructions asked by a party when the subjects embraced in them are covered by the instructions already given.

SAME.—*Harmless Error.*—An erroneous instruction, if harmless, is not available for the reversal of a judgment.

From the Benton Circuit Court.

*M. H. Walker, I. H. Phares* and *D. Fraser,* for appellant.
*D. E. Straight, U. Z. Wiley* and *S. F. Carter,* for appellee.

MITCHELL, J.—This was a suit on an account for services rendered by the appellee, at the request of the appellant, in bringing and prosecuting an action for a divorce, and in assisting about the adjustment of some property rights between the appellant and her husband. The account included a small sum for rent.

There was a plea of payment, an answer of general denial, with other special answers, one of which set up a special con-

tract under which it was alleged the services were performed. Another answer set up that the services were worth the sum of twenty-five dollars, and no more, and that that sum had been tendered the plaintiff and brought into court for his benefit.

These special answers, although not the subject of question here, were in the nature of answers in mitigation. All the evidence applicable to them was admissible under the general denial. *Blizzard* v. *Applegate*, 61 Ind. 368; *Smith* v. *Lisher*, 23 Ind. 500.

The plaintiff below had a verdict for one hundred dollars, upon which, over a motion for a new trial, judgment was rendered.

Certain instructions given by the court, and the refusal to give others requested on the appellant's behalf, are the chief, if not the only, subjects of contention.

The second instruction, given at plaintiff's request, after defining the nature of the action, informed the jury that to entitle the plaintiff to recover he must have proved by a preponderance of the evidence all the material allegations of his complaint; and, further, that in the event they should find from the evidence that services were performed by the plaintiff as attorney for the defendant, and that the reasonable value of such services had been proven, then the plaintiff was entitled to a verdict for the amount which the evidence proved his services were worth.

It is said this instruction ignores the defence that the services were performed under a special contract. This may be conceded. It did not purport to do more than define the plaintiff's rights under the complaint. Coupled with the other instructions, it must have been so understood.

The seventh instruction, given at the request of the defendant, presented the law of the case as applicable to the defence that a special contract existed. Construing both of these with those given by the court, and the jury must have

understood this feature of the defence. *Boyle* v. *State*, 105 Ind. 469.

The jury were further instructed that in determining the value of the plaintiff's services, they should be governed wholly by the evidence in the case, and not by their judgment or preconceived opinions as to the value of such services. The objections to this instruction are not well founded. In determining the value of the services of an attorney, as of any other person, the evidence in the case, and not the preconceived opinions of the jury, is to control.

One of the defendant's answers presented the somewhat novel defence that the services were performed under a special contract, the effect of which was that in consideration that the defendant in the divorce suit would not resist the granting of a divorce, the appellee agreed to submit the amount of compensation which he should receive as attorney in the divorce case to the determination or judgment of the attorneys for the defendant, and that the defendant's attorneys had fixed the plaintiff's compensation at twenty-five dollars, which had been tendered. There was some proof tending to show that if any agreement of that description was made, it was not made until after the services were performed.

As bearing upon that feature of the case, the court instructed the jury, in substance, that if an agreement of the character mentioned was made, yet, if it was without consideration, it would not be binding on the plaintiff.

Upon the assumption that an agreement such as that stated would be valid under any circumstances, a proposition we do not decide, it certainly would be without consideration, and therefore invalid, if it was not made until after the services had been performed. Where services have been performed and no dispute exists as to the price or value, a mere oral reference to a third person to fix the value is not conclusive. There was evidence to which the instruction was relevant, and it was correct.

Without examining in detail such of the defendant's instructions as the court refused, it is sufficient in this connection to say, the court having given other pertinent instructions, fully covering all that was proper or material in those asked, no error was committed in that regard.

The court of its own motion instructed the jury that as no payment had been proved, the plea of payment need not be considered by them. The plaintiff, in his testimony, admitted that the defendant was entitled to a credit of $1.50 on the account for rent, that amount having been paid to plaintiff's wife.

A reversal is insisted upon because of this instruction. It is apparent that the court, as also the appellant's counsel, overlooked the small sum above mentioned. It would doubtless have been corrected if an instruction for that purpose had been asked. The jury could not have understood that the court meant to tell them as a proposition of law, that the defendant was not entitled to a credit on the rent for the sum admitted to have been paid. This is so plainly a harmless inadvertence, involving an amount so trifling, that we decline to reverse the judgment, even though the instruction was technically erroneous. The statute enjoins upon us not to reverse judgments, where it appears that the merits of the cause have been fairly determined in the court below. Section 658, R. S. 1881 ; *Billingsley* v. *Groves,* 5 Ind. 553.

There is nothing in the other instructions given which requires a reversal of the cause.

The judgment is affirmed, with costs.

Filed June 22, 1886.