Ex Parte Cottingham, Guardian.

No. 15,537.

EX PARTE COTTINGHAM, GUARDIAN.

GUARDIAN AND WARD.—*Report and Inventory.—Citation of Court.—Notice.*
—Upon the failure of a guardian to comply with an order of the court
requiring him to make a report and file an inventory *instanter*, a cita-
tion was issued commanding him to do so within three days, but after
the citation was issued there was a delay of twelve days before any
further action was taken by the court; and at the end of that time,
the guardian having disregarded the order of the court, his successor
was appointed.

*Held*, that it can not be objected by the guardian that the notice was in-
sufficient.  A guardian is required by the statute (section 2521, R. S.
1881) to file an inventory of his ward's estate within three months after
his appointment, and upon his failure to do so the court may sum-
marily remove him and appoint his successor.

From the Hamilton Circuit Court.

*W. Garver*, for appellant.

BERKSHIRE, C. J.—The record in this case is very imper-
fect, but we gather from it the following facts:

The appellant's ward is an insane person.   The court or-
·dered the appellant, on the 7th day of February, 1890, to
make a report showing the condition of the accounts between
himself and his trust, and also ordered him to make and file
an inventory showing the amount of the receipts from the
real estate of the said ward.   The order was that the report
be made *instanter*.   The appellant failed to comply with the
order made by the court, and on the 12th day of said month
of February a citation was ordered to issue, commanding the
appellant to report as to the condition of his accounts with
his trust, and to make an inventory on or before the 15th
day of said month; that on the day the citation was ordered
it was issued, and on the same day duly served by reading
to the appellant; that, on the 24th day of said month of
February, the appellant having failed to comply with the
said last named order of the court, it removed him from his

Ex Parte Cottingham, Guardian.

trust and thereafter appointed his successor, and it is from the said order of removal that this appeal is prosecuted.

The appellant contends that he was entitled to ten days' notice, and an opportunity to be heard thereafter.

Conceding, for the present, that the position of the appellant is correct, still there was no error in the ruling and judgment of the court.

The citation, when served, was notice to the appellant that the court desired a report and inventory from him ; the court thereafter delayed twelve days before taking further action, notwithstanding the order required the appellant to make his report and inventory within three days.

The appellant totally and entirely disregarded the order of the court.   After receiving the citation he should have responded thereto, and if he had any legal cause for not complying with the court's order it was his duty to properly present it to the court, and if not, then to report and file an inventory as commanded.   But we are of the opinion that the appellant was not entitled to notice as contended.   The court had the power to remove the appellant under the circumstances of the case without notice.

The law made it the duty of the appellant to file an inventory of his ward's estate within three months after his appointment, and upon a failure so to do it became the duty of the court to summarily remove him and appoint his successor. Clause 1, section 2521, R. S. 1881; section 2521, R. S. 1881; *Kimmel* v. *Kimmel*, 48 Ind. 203.

The record fails to show that an inventory had been filed ; the court was insisting that one should be filed.   In view of the appellant's ability to show the fact if an inventory had been filed, and his failure so to do, we must in this *ex parte* proceeding presume, in support of the court's action, that none had been filed ; and, for the same reason, presume that a report was due from the appellant.

It is the duty of the courts to look closely after the es-

tates of infants and insane persons under guardianship, and from all that we can understand from the record before us we think the court was acting with commendable vigilance.

In our opinion there is no merit in this appeal.

Judgment affirmed, with costs.

Filed June 5, 1890.