Garrigan v. Dickey.

Filed May 16, 1891.

———◆———

No. 25.

## GARRIGAN v. DICKEY.

PRACTICE.—*Assignment of Errors.—Cause for a New Trial.*—Causes for a new trial can not be assigned as independent errors, on appeal.

ATTORNEY.—*Authority to Bind Client.—Agreement that a New Trial had been Granted.*—An attorney has authority, until discharged or superseded by another, to bind his client in an action, or special proceeding, by his agreement filed with the clerk, or entered upon the minutes of the

court. He may bind his client by a written admission entered of record that a new trial had been once granted in the cause in which it is filed, although the transcript, in case of a change of venue, shows only a trial and judgment duly rendered.

CHANGE OF VENUE.—*Agreement to Give Jurisdiction.*—A change of venue from one circuit court to another, by agreement, gives the court to which the cause is sent, according to such agreement, jurisdiction thereof.

INSTRUCTION.—*Harmless Error.— Verdict Right on Evidence.*—An erroneous instruction, if harmless, is not available for the reversal of a judgment; so, if the verdict is clearly in accordance with the evidence, it is unavailable as error.

From the White Circuit Court.

*J. C. Nye, R. A. Nye* and *R. Gregory,* for appellant.

*T. F. Palmer,* for appellee.

NEW, J.—This action was instituted in the Pulaski Circuit Court, where a judgment was recovered by the appellee at the November term, 1886, against the appellant for one hundred and fifty dollars and costs upon an account for work and labor.

Before entering upon the trial of said cause in the White Circuit Court the following paper, executed by the attorneys, was filed in open court, and is a part of the record of the proceedings in the said cause:

" JAMES M. DICKEY       In the White Circuit Court,
            *v.*             November Term, 1888.
THOMAS GARRIGAN.

" It is hereby admitted, in the above entitled cause, that there was a new trial granted in the above entitled cause, on application of the defendant, by the Pulaski Circuit Court, and a transcript of the proceedings in that case is hereby waived.

" R. GREGORY, NYE & NYE, *Deft's Atty's.*

"PALMER, SILLS & O. McCONABAY, *Plff's Atty's.*"

Upon the application of the appellee the venue was changed from Pulaski to Starke county, and afterwards, at the May term, 1888, of the Starke Circuit Court, by the agreement of the parties, entered of record, the venue was

changed from Starke to White county, where, in the circuit court, the case was tried by a jury and a verdict returned for the appellee in the sum of one hundred and ninety-seven dollars and twenty-five cents.

Motions for a new trial and in arrest of judgment were made by the appellant, in the order named, overruled, and exceptions reserved.

The court then rendered judgment in favor of the appellee in the amount fixed by the verdict.

The appellant has assigned as error the overruling of the motions for a new trial and in arrest of judgment. Some of the reasons assigned for a new trial are assigned as independent errors. This is not a proper practice. Where rulings constitute proper grounds for a new trial they can not be assigned on appeal as independent errors. If presented to the trial court by the proper motion, they are covered by an assignment of error on that motion; if not so presented, they can not be made available in this court for any purpose. *Cole* v. *Kidd*, 80 Ind. 563; *Allen* v. *State*, 74 Ind. 216; *Bolin* v. *Simmons*, 81 Ind. 92.

We will consider first the error assigned on account of the overruling of the motion in arrest of judgment, that being the order of discussion pursued by counsel.

It is contended by counsel for the appellant that although it was admitted in the White Circuit Court that a new trial had been granted to the appellant by the circuit court of Pulaski county, the circuit court of White county did not have jurisdiction to try the case, because it was shown by the transcript, so far as made out, of the proceedings in Pulaski county, that the case had been tried there, judgment rendered, motion for a new trial overruled, and stay of execution entered.

Notwithstanding what thus appears from the transcript, it may be that subsequent to the term of the Pulaski circuit court, where said trial was had, judgment rendered, and motion for a new trial overruled, a new trial was obtained by

the appellant under the provisions of section 563 of the code. And if so the agreement of counsel that a new trial had been granted would in no way impeach the transcript of the proceedings had in the cause, as presented in the record before us.

We think the agreement, or admission, signed by the attorneys, filed in open court, and duly spread upon the order book, became a valid part of the proceedings in the cause. In our opinion it was an agreement which the attorneys had a right, in that way, to make, and that it is now binding on the parties.

An attorney has authority, until discharged or superseded by another, to bind his client in an action, or special proceeding, by his agreement filed with the clerk, or entered upon the minutes of the court. Section 968, R. S. 1881.

In the case of *American, etc., Co.* v. *Clark*, 123 Ind. 230, it was a question whether or not there had been an agreement between the attorneys that an application for a new trial might be made at the ensuing term. The court said that it was exceedingly doubtful whether an attorney would have authority to bind his client by such an agreement, unless it was entered upon the minutes of the court, or made in conformity with the provisions of section 968 of the code, the statute to which we have referred.

The Supreme Court in that case, in effect, says that such an agreement on the part of the attorney would have been binding on the client if that statute had been complied with. And yet that was a case where the " verdict, or decision " had not been " rendered on the last day of the session, or term of court."

In the case at bar the statute was fully complied with, and we can see no reason why the appellant should not be bound by the agreement so made by his attorneys. Especially should it be so in a case like this, where the appellant was in attendance upon the trial, testifying in his own behalf, and

presumably present and consenting when the agreement was made.

The new trial, which it was agreed had been granted, was awarded to the appellant upon his application.

We are of the opinion that no error appears in the record which would authorize the arrest of judgment.

The change of venue from Starke to White county, by the agreement of the parties, gave to the circuit court of the latter county, jurisdiction of the persons of the parties to the suit, and the law gave to the court jurisdiction of the subject-matter. *Judah* v. *Trustees, etc.*, 23 Ind. 272; *Garner* v. *Board*, 27 Ind. 323; *Willett* v. *Porter*, 42 Ind. 250.

Of the reasons assigned for a new trial, counsel for the appellant, in their brief, complain only of the giving of instructions four and five by the court on its own motion.

The fourth instruction said to the jury that if they found that the appellee had performed work and labor for the appellant as sued for, and at an agreed price, they should be governed by that price in fixing the amount of their verdict.

The fifth instruction charged that if the jury found that the appellee had performed work and labor for the appellant as sued for, and that there was no special contract as to the price, then in fixing the amount of their verdict they should be governed by what the work was reasonably worth as proven.

The suit is on a common count to recover for the value of ditching done by the appellee for the appellant. Upon the trial the appellee testified that he contracted with the appellant to do certain specified ditching, for which he was to be paid eight cents per cubic yard. It also appears from the evidence that the appellee did not entirely complete the ditching which he undertook to do, and, therefore, it was, we assume, that he did not sue on the contract.

The point made by the appellant's counsel against the fourth instruction, as we understand him, is that inasmuch as the appellee sues upon the implied contract or liability of

the appellant to pay the reasonable value of the work done, in estimating such value the price per cubic yard would not necessarily be eight cents. This is true, and the fourth instruction is erroneous in that respect. But the error was harmless, for there was no controversy or conflict in the evidence whatever about what the price per cubic yard ought to be. Eight cents was the only sum named, and the evidence shows that the appellant paid that to others for like work. With this state of the evidence, neither the fourth nor fifth instructions could have been prejudicial to the appellant.

An erroneous instruction, if harmless, is not available for the reversal of a judgment. *Atkinson* v. *Dailey,* 107 Ind. 117; *Cline* v. *Lindsey,* 110 Ind. 337.

We are not permitted to reverse a judgment where it appears that the merits of the cause have been fairly tried and determined in the court below. Section 658, R. S. 1881; *Atkinson* v. *Dailey, supra; Winchester, etc., Co.* v. *Carman,* 109 Ind. 31.

The judgment is affirmed, with costs.

Filed May 16, 1891.