## CRAVEN ET AL. v. THE STATE, EX REL. WHITE, ADMINISTRATOR, ET AL.

[No. 7,536.  Filed March 29, 1912.]

1.  DESCENT AND DISTRIBUTION.—*Debts of Intestate.*—*Liability of Heirs.*—An action brought by an administrator de bonis non, for and on behalf of the estate which he represents alone, to recover from the heir of an intestate for breach of a bond which said intestate signed as surety, cannot be maintained where it appears from the complaint that there has been no administration on the estate of said surety, and there are no averments with reference to any other debts against, or creditors of said estate.  p. 33.

2.  LIMITATION OF ACTIONS.—*Accrual of Cause.*—*Administrator's Bond.*—Where the final settlement of an administrator is set aside and he is ordered by the court to file a new report and to pay into court for distribution the balance in his hands as such administrator, and he fails to comply with such order, and is removed by the court for such failure, the statute of limitations, as against a cause of action predicated on such breach of his bond, begins to run from the time of his removal by the court.  p. 34.

3.  EXECUTORS AND ADMINISTRATORS.—*Removal.*—*Collateral Attack.* —*Presumption.*—The order or judgment of a court removing an administrator will be presumed to be correct as against collateral attack.  p. 34.

From Johnson Circuit Court; *William E. Deupree,* Judge.

Action by The State of Indiana on the relation of John C. White, administrator *de bonis non* of the estate of Martha J. Handy, deceased, against Thomas W. Craven, James Marshall Works, and David Lamkin. From a judgment for plaintiff, the defendants Craven and Works appeal. *Affirmed* in part, and *reversed* in part.

*L. Ert Slack, Miller & Barnett,* for appellants.
*William Featheringill,* for appellee.

HOTTEL, J.—This action was instituted by the relator, John C. White, administrator *de bonis non* of the estate of Martha J. Handy, deceased, against appellants Thomas W. Craven and James Marshall Works, and appellee David Lamkin, to recover on an administrator's bond. From a judgment against appellants for $551.90 this appeal is prosecuted.

The assignment of errors questions the rulings on the joint and several demurrers to the complaint, on appellants' joint motion for a new trial, and on appellant James M. Works' separate motion for a new trial.

The complaint alleges that David Lamkin was on April 16, 1900, appointed administrator of the estate of Martha J. Handy, deceased, and gave bond as such in the sum of $1,600, with Thomas W. Craven and James Works as sureties; that James Works died intestate on or about October 2, 1904, and left surviving him, as his only heir at law, his son, James Marshall Works, an appellant herein, who inherited all his property, consisting of personalty alleged to be of the probable value of $1,000, and certain real estate which is described and alleged to be of the probable value of $3,000; that no administration was had on his estate; that David Lamkin continued to act as such administrator until June 25, 1908, when he was removed from said trust, "without having made a full and final settlement of said estate, and without having paid the balance of the funds then in his hands into court, as ordered and directed by the court;" that thereafter, on June 25, 1908, John C. White, relator herein, was appointed administrator *de bonis non* of the estate of Martha J. Handy, deceased, and qualified as such; that about November 8, 1901, while David Lamkin was acting as administrator, there came into his hands the sum of $475.13 of funds belonging to said estate, which sum he con-

verted to his own use, and for which he has failed and refused to account; that said sum, together with six per cent interest thereon from November 8, 1901, and damages for the detention thereof, together with ten per cent damages on said amounts, is now due said estate, and is wholly unpaid.

A copy of the bond is filed with the complaint as an exhibit, and judgment is demanded for $1,000.

The answers to said complaint were (1) a general denial, (2) and (3) two and six years' statutes of limitation, respectively. Appellants in their brief present and discuss but five propositions, which are as follows:

(1) No right of action exists against an heir for the debt of the ancestor until administration has been had on the estate of such ancestor.

(2) An heir is only liable for the debts of his ancestor to the extent of the value of the property inherited from such ancestor.

(3) Suits for relief against frauds must be commenced within six years after the cause of action accrues.

(4) Sureties are not bound by judgments and decrees rendered against the principal, where such judgments or decrees are based on the agreements and admissions of the principal, and where such sureties are not parties to the suit or the agreement, as sureties are the favorites of the law.

(5) A decree entered by any person not elected or appointed a judicial officer is void.

The first two propositions are limited in their effect to appellant Works. It is insisted that the law announced in these propositions have the effect, (1) of rendering the complaint insufficient as against said appellant Works, and (2) that their application will require the granting of a new trial as to such appellant on account of the insufficiency of the evidence to sustain the decision of the court below.

The complaint affirmatively shows that the bond sued on was not executed by appellant Works, but that it was ex-

ecuted by his deceased father as one of the sureties
1. thereon, and that any right of action, if any, as
against such appellant, must be predicated on §2965
Burns 1908, §2442 R. S. 1881, and result from the aver-
ments that appellant Works is the sole heir of his deceased
father, that such decedent died intestate, and that appellant
inherited from him certain real estate particularly described,
and alleged to be of the probable value of $3,000, and per-
sonal property of the probable value of $1,000. The com-
plaint avers that ''no administration was had upon his
estate,'' viz., the estate of said Works, deceased.

Appellee White seeks a recovery for and on behalf of the
estate which he represents alone, and there are no aver-
ments in the complaint with reference to any other debts
against, or creditors of, said estate.

In construing §2965, *supra*, it has been expressly decided
by the Supreme Court that ''a single creditor, suing for
himself alone, cannot maintain an action against the widow
and heirs on a promise of the deceased,'' and that ''a cred-
itor of a decedent's estate must proceed to enforce his claim
against the estate through an executor or administrator, and
cannot sue the heirs, devisees and legatees, where there has
been no administration.'' *Carr* v. *Huette* (1881), 73 Ind.
378, 381. See, also, *Butler* v. *Jaffray* (1859), 12 Ind. 504,
511; *North-western Conference, etc.,* v. *Myers* (1871), 36
Ind. 375, 378; *Wilson* v. *Davis* (1871), 37 Ind. 141, 144;
*Leonard* v. *Blair* (1877), 59 Ind. 510, 513; *Clevenger* v.
*Matthews* (1906), 165 Ind. 689, 692; *Fisher* v. *Tuller* (1890),
122 Ind. 31, 35.

These authorities force the conclusion that the court be-
low erred in overruling the demurrer of appellant Works to
the complaint.

Section 294, subd. 4, Burns 1908, §292 R. S. 1881, provid-
ing that suits for relief against fraud must be commenced
within six years after the cause of action accrues, relied

on in appellants' third proposition, can furnish no
2. aid nor relief to appellants under the facts of this
case.

This was a suit on an administrator's bond. The proof shows that the principal in said bond, appellee David Lamkin, continued as such administrator until June 25, 1908; when he was removed by the court; that prior to his removal, to wit, on April 13, 1907, the court, in which said estate was being administered, set aside a former final settlement made by such administrator, and ordered him to file a new report within twenty days, and to pay into court, for distribution, the balance in his hands as such administrator; that said administrator failed to file such report and turn over to the court such balance then in his hands; that on account of such failure he was removed as such administrator, and his successor, the relator herein, appointed. It is upon this breach of said bond that this suit is predicated. In such case the cause of action does not accrue until the breach of the bond is committed. *Moore* v. *State, ex rel.* (1909), 43 Ind. App. 387, 394; *Lambert* v. *Billheimer* (1890), 125 Ind. 519.

The record in this case presents no question to which the principles announced in appellants' propositions four and five, or the authorities cited thereunder, are applicable.

No question is here presented or argued as to the
3. admissibility of the judgment or order of court introduced in evidence, showing the removal of said administrator, and the mere fact that such judgment or order may have been based in part on an agreement of facts, and that it was rendered by some judge other than the regular judge, could not in any event entitle appellants to a new trial, on the ground that the decision of the court is not sustained by sufficient evidence. Such order or judgment will be presumed to be correct as against collateral attack, even where the question of its admissibility as evidence is properly presented.

We find no error in the record, other than the overruling of appellant Works' separate demurrer to the complaint. It follows, therefore, that as to appellant Thomas W. Craven the judgment should be, and is, affirmed, and that as to appellant Works the judgment should be, and is, reversed, with instructions to the court below to sustain his demurrer to the complaint, and for such other proceedings as the parties may desire to take, not inconsistent with this opinion.

It is further adjudged that appellee pay half the costs made in the court below from and after the overruling of said demurrer of appellant Works to said complaint, and half the costs of appeal, and that all other costs be paid by appellant Craven, this judgment for costs, of course, in no way to affect the judgment of the court below, holding appellee Lamkin, as principal in said bond, primarily liable for all the costs of the action adjudged in that court.

NOTE.—Reported in 97 N. E. 1021. See, also, under (1) 14 Cyc. 211; (2) 18 Cyc. 1288; (3) 18 Cyc. 171. As to when the statute of limitations commences to run against an executor or administrator, see 99 Am. Dec. 394.