## RITENOUR *v.* HESS.

[No. 25,527. Filed May 29, 1929. Rehearing denied October 8, 1929.]

*Berry & Nolin* and *Victor H. Ringer,* for appellant.
*Mehaffey & Haupt,* for appellee.

MARTIN, J.—This was an appeal from a judgment of the Warren Circuit Court rendered December 6, 1927, appointing the appellee guardian of Hattie E. Boyer, an insane person, adjudging that appellant, Rosa C. Ritenour, is "not entitled (as guardian) to the delivery to her of said property of said Hattie E. Boyer," and

that appellant "deliver any and all . . . property . . . now held by her and belonging to the said Hattie E. Boyer to the said George A. Hess, guardian."[1]

The appellant was appointed guardian of Hattie E. Boyer, an insane person resident in Warren County, in the Warren Circuit Court in 1905. She filed current reports in that court until 1911, when she petitioned to have the guardianship transferred to the Tippecanoe Circuit Court, alleging that her ward was confined in the Central (insane) Hospital at Indianapolis, had no fixed abode, owned no real estate in Warren County and that the guardianship could be administered more conveniently and at less expense in Tippecanoe County where the guardian resided. The guardianship, together with all the papers and records therein, was transferred to the Tippecanoe Circuit Court, and appellant, as guardian, thereafter made current reports to the Tippecanoe Circuit Court. Following the filing of her report on August 24, 1927, the Tippecanoe Circuit Court ordered appellant, among other things, to deposit at once with the clerk of that court $21,000 in government bonds belonging to her ward, and to deposit in cash $5,272.39, which was the amount of certain notes which the appellant had executed individually to herself as guardian as evidences of loans made to herself without authority. Appellant complied with the order and gave a new bond, which was also required by the court. Her report showed that she was the only heir of her ward, who was still an inmate of the Central Hospital at Indianapolis, and that the ward was the owner of 258 acres of farm land in Warren

[1] It appears from the record that appellant has remaining in her hands, belonging to the ward's estate, the sum of $180.31 received from the sale of grain, and, by this provision of the judgment, which is an "interlocutory order for the payment of money . . . or the delivery or assignment of any securities," the jurisdiction of this appeal is properly in the Supreme Court. §1356 Burns 1926, cl. 11.

County.[2] The Tippecanoe Circuit Court, on October 25, 1927, "having heard the evidence and being advised upon the hearing upon the report," made a lengthy finding, which concluded that "said guardian has not managed the estate for the best interest of her ward, has disregarded her plain duties as guardian and used the ward's own estate for her own use and benefit, and that she is not a suitable person to be entrusted with the custody and management of this valuable estate, and that she should be removed as such guardian and her successor appointed." An order or judgment followed, removing appellant, Rosa C. Ritenour, as guardian, transferring the guardianship back to the Warren Circuit Court and providing for the clerk of the Tippecanoe Circuit Court to hold the assets of the estate in his hands subject to the order and direction of the Warren Circuit Court when it appointed a guardian to succeed Rosa C. Ritenour, who was ordered and directed to pay to the clerk of the Warren Circuit Court all of the ward's money collected since the filing of her last account.

On November 21, 1927, Ritenour, appellant, asserting to be the guardian of Hattie E. Boyer, filed her petition in the Warren Circuit Court to invest funds, assign for redemption $15,000 of government bonds, and to hold for naught the judgment of the Tippecanoe Circuit Court removing her as guardian. Upon submission of this matter, the Warren Circuit Court announced that a vacancy existed in said guardianship, and the appellant, Ritenour, filed her objections and written petition for an order to turn over the property to her as guardian and to hold for naught the order of the removal. Upon a hearing, the Warren Circuit Court found that Rosa C. Ritenour was removed as guardian by the Tippecanoe Cir-

[2]It appears from current reports in the guardianship that this land was received by inheritance after the guardianship was transferred to Tippecanoe County.

cuit Court, and that a guardian should be appointed, and rendered the judgment which is here appealed from, viz., appointing George A. Hess guardian, ordering appellant, Ritenour, to deliver any property in her hands, etc.

The appellant contends that she is still the guardian by virtue of her original appointment in the Warren Circuit Court in 1905, and that the Tippecanoe Circuit Court had no jurisdiction to remove her for two reasons: *First,* because the Tippecanoe Circuit Court never at any time from 1911 to 1927 had authority to assume jurisdiction over the estate of Hattie E. Boyer and the appellant as guardian; and *second,* because no formal charge seeking her removal was filed against her (citing *Wood* v. *Black* [1882], 84 Ind. 279, and *Colvin* v. *State* [1891], 127 Ind. 403, 26 N. E. 888, to the effect that a summary removal of a guardian without charge or notice is void). She contends that the Warren Circuit Court erred in recognizing such order or judgment as valid and in refusing to set the same aside.

It is true that no statutory authority exists for transferring a pending guardianship of an insane person from one county to another, but neither is there any express statutory inhibition against it. (See §§3430, 444, 442 Burns 1926; see, also, *Cook* v. *Cook* [1923], 81 Ind. App. 243, 141 N. E. 471). The action of the Tippecanoe Circuit Court in administering this estate from 1911 to 1927 would not be void, however, even if it was unauthorized and voidable, and the appellant, by her own act of invoking the jurisdiction of that court, is estopped from questioning it now. *Moran* v. *Miller* (1926), 198 Ind. 429, 153 N. E. 890; *Coleman* v. *Floyd* (1892), 131 Ind. 330, 31 N. E. 75.

The appellee contends that the appellant and her attorney were in the Tippecanoe Circuit Court to explain

the report, which had been filed on order of that court, that the attorney resisted her removal, and that, under these conditions, the court had authority to remove her without further notice, citing *Ex parte Cottingham* (1890), 124 Ind. 250, 24 N. E. 750; and that the order of removal must here be presumed to be correct, citing *Craven* v. *State* (1912), 50 Ind. App. 30, 97 N. E. 1021. We do not believe that the question of whether the judgment of the Tippecanoe Circuit Court was correct or erroneous is before this court for decision. The appellant had the right to appeal from such order or judgment, but did not do so, and she cannot have a review of that judgment or secure relief from the same by a petition filed in the Warren Circuit Court. The judgment of the Tippecanoe Circuit Court was the judgment of a court of competent and co-ordinate jurisdiction, and the Warren Circuit Court correctly recognized it as effective.

Judgment affirmed.