STATE, EX REL. NEAL *v.* SUPERIOR COURT OF MARION COUNTY, ROOM 2, ET AL.

[No. 25,984.   Filed February 12, 1931.   Rehearing denied March 12, 1931.]

*Ewbank & Dowden,* for petitioner.
*Cox & Adams,* for respondents.

MARTIN, J.—On petition of the relator, Banus E. Neal, a temporary writ of prohibition was issued January 7, 1931, against the Superior Court of Marion County Room 2, and Joseph R. Williams, the judge thereof, prohibiting said court from exercising any jurisdiction in cause No. A-44,005 entitled *Banus E. Neal* v. *Knox Consolidated Coal Company* and the receivership thereunder.

The following facts appear from the petition for the writ and from the return of the respondent: Banus E. Neal, on April 16, 1928, filed an action in Room 2 of the Superior Court of Marion County against the Knox Consolidated Coal Company. He sued as a stockholder and bondholder, alleging that the company had the capacity to produce 13,000 tons of coal per day from

its mines in Knox County, but that the coal mining industry was unstable and depressed and the mines of the company had been closed for a year; that the company was doing business buying and selling coal with an office at Indianapolis, that it owned 6,500 acres of coal and coal rights in Knox County, together with valuable buildings and equipment, but that it had large expenditures to meet in the way of taxes, insurance, repairs and maintenance of its mining property as well as interest charges on its outstanding unmatured mortgage bonds in the sum of $3,500,000, and that the company was in danger of becoming insolvent. The relief prayed for was the appointment of a receiver for the company's properties. The company was served with notice, filed an answer in general denial, and the court, after hearing the evidence, found that the facts alleged were true and appointed a receiver for the company.

The said cause thereafter remained on the docket of Superior Court Room 2 for the purpose of the administration of the trust of such receivership until December 20, 1930, when Banus E. Neal filed therein an affidavit for a change of venue on the ground "that he cannot have a fair and impartial trial thereof before the Hon. Linn D. Hay, Judge of the Marion Superior Court Room 2 for the following reason: on account of the bias and prejudice of said judge against this plaintiff." Thereupon, on December 23, 1930, the following order was made by the court:

"Comes now the plaintiff Banus E. Neal, in person, and on his affidavit now filed, which said affidavit is in words and figures as follows: (here insert) moves the court for a change of venue from the judge of this court, and the judge being sufficiently advised in the premises, finds that reasons exist for a change of venue from the judge of this court; and now, upon the court's own motion, this cause is ordered transferred from the Superior Court

of Marion County Room two to the Marion Circuit Court, there to be re-docketed and disposed of as if originally filed with said Circuit Court. It is therefore ordered . . . [signed] Linn D. Hay, Judge."

All the papers and minutes in the cause were transferred to the Marion Circuit Court and the cause was docketed therein. On January 2, the receiver filed a current report therein.

On January 3, 1931, a petition was filed in Room 2 of the superior court by a stockholder and bondholder of the Knox Consolidated Coal Company (who had theretofore unsuccessfully sought to intervene in said cause in said court), in which he alleged that the action of that court in transferring the cause to the circuit court "was not within any of the powers conferred upon the judges of the Superior Courts by statute, and said action of the Hon. Linn D. Hay was null and void," and prayed for an order setting aside and vacating the order which purported to transfer the case to the circuit court. Thereupon, the Superior Court Room 2 entered an order vacating and setting aside the order of transfer and further ordered:

"that the clerk of the Marion Circuit Court be and he is hereby directed to return forthwith unto this court all the pleadings, papers, and docket entries made, filed and entered in said cause" . . . [signed] "Joseph R. Williams, Judge of Marion Superior Court, Room 2."

This court knows, as a matter of law, that January 3, 1931 was within the December 1930 term of the Marion Superior Court, Room 2. Acts 1871 p. 48, note to §1681 Burns 1926. It also knows the following (which may aid in an understanding of the facts, but which is in no wise considered in determining the questions involved) viz.: that, at the general election in November, 1930, a judge of the Superior Court Room

2 of Marion County was elected (§1527 Burns 1926) and that the superior judges elected at that time took office January 1, 1931. §1, ch. 10, Acts 1929, §1811 Burns Supp. 1929.

A court has full and complete control of the record of its proceedings during the term at which the proceedings are had, and, during such term, for good cause, may correct, modify or vacate any of its judgments or orders made therein. *Burnside* v. *Ennis* (1873), 43 Ind. 411; *Ryon, Rec.,* v. *Thomas* (1885), 104 Ind. 59, 3 N. E. 653; *Livingston* v. *Livingston* (1921), 190 Ind. 223, 130 N. E. 122. But, if a regular and valid order of a court (granting a motion for a change of venue) divests it of jurisdiction of a case and another court lawfully acquires jurisdiction thereof, the first court, by a later order, cannot recall the case or exercise any further jurisdiction therein. See *Niagara Oil Co.* v. *Jackson* (1910), 48 Ind. App. 238, 91 N. E. 825; *Toledo, etc., R. Co.* v. *Wright* (1879), 68 Ind. 586, 600, 34 Am. Rep. 277.

The vital question in the case at bar is whether the order entered on December 23, 1930, divested the Marion Superior Court, Room 2, of jurisdiction in the receivership so that that court had no power to make its order of January 3, 1931.

It is definitely apparent, from the order of December 23, that the court was assuming to act under §1, ch. 14, Acts 1911, §1545 Burns 1926, §1681.1 Burns Supp. 1929, and that portion of such section which is italicized below:

"In all counties wherein may be organized circuit and superior courts, the judge of the superior court may, upon his own motion, transfer any action filed and docketed in such superior court to such circuit court to be redocketed and disposed of as if originally filed with said circuit court in any of the following instances: *When any reason for change of venue from the judge of said superior court*

*is shown to exist as now or may hereafter be provided by law* or whenever more cases are filed in said superior court during any term of said court than can be disposed of with expedition, and in all cases where, in the opinion of said superior court, an early disposition of said case is required." (Our italics.)

(If the order of December 23 had been based upon that portion of. §1545 which follows the portion above italicized, a case entirely different from the case at bar would have been presented.)

Section 442 Burns 1926 provides that the court shall change the venue *"of any civil action* upon the application of either party, made upon affidavit showing one or more of the following causes: . . . Seventh . . . the bias, prejudice or interest of the judge before whom the cause is pending."

The civil action between Banus E. Neal and the Knox Consolidated Coal Company had been tried and fully determined by the judgment appointing the receiver 20 months before Neal's affidavit for a change of venue was filed. No other issue remained as to Neal upon which trial was to be had. The only subject-matter before the court in December, 1930, so far as shown by the pleadings herein, was the administration of a trust estate—the receivership of the Knox Consolidated Coal Company. From the fact that such receivership was being conducted under the title of the cause in which the issue was tried that resulted in the appointment of a receiver, it does not follow that a civil action in which a trial is necessary still existed between the original plaintiff and defendant. Neal was no longer, under the statutes regulating changes of venue, a competent party to ask for a change of venue. The rights of the parties and powers of the courts in regard to changes of venue are regulated by statute. While a common-law right to a change of venue upon certain grounds has been recognized in some jurisdictions where

no complete statute upon the subject exists, *Crocker* v. *Justices* (1911), 208 Mass. 162, 94 N. E. 369, 21 Ann. Cas. 1061, the general rule is that a change of venue can be asserted and be exercised only in the manner provided by the statute and in accordance with the provisions thereof.   40 Cyc. 116, 117, 126; 27 R. C. L. 811, 819; see *Millison* v. *Holmes* (1848), 1 Ind. 45; *Morris* v. *Graves* (1850), 2 Ind. 354; *Bowen* v. *Stewart, Admr.* (1891), 128 Ind. 507, 510, 26 N. E. 168, 28 N. E. 73. The affidavit of Neal for a change of venue was not within the provisions of the statute providing for change of venue and was of no effect.   It was not a sufficient basis for the court's order of December 23, and this change having been accomplished in a manner not authorized or provided for by law, we hold that the Superior Court Room 2 did not lose its jurisdiction so as to prevent it from making its order of January 3, 1931. The relator points out that in the case of *Ritenour* v. *Hess* (1929), 201 Ind. 327, 166 N. E. 657, the transfer of jurisdiction of a guardianship from the Warren to the Tippecanoe Circuit Court in a manner not provided for by statute was upheld.   It will be noted, however, that, in that case, the guardian who procured the transfer and who administered the trust in the latter court for a number of years was held to be estopped from questioning the jurisdiction of the latter court because of "her own act of invoking the jurisdiction of that court," and it was said that the action of the latter court "would not be void, however, even if it was unauthorized and voidable."   No question arises in the case at bar as to the validity of the acts of the circuit court in this matter, or whether, in the absence of seasonable objection or a further order by the superior court, it could proceed with the administration of the trust.

The temporary writ of prohibition entered herein on

January 7, 1931, is hereby dissolved and the writ of prohibition is denied.

Myers, C. J., and Travis, J., dissent.