HOFFMAN *v.* HOFFMAN ET AL.

[No. 17,222.   Filed November 17, 1944.   Rehearing denied December 19, 1944.   Transfer denied January 11, 1945.]

*Hughes & Hughes*, and *M. J. Murphy*, all of Green-castle, and *C. V. Sears*, of Danville, and *Kivett, Chambers, Vernon & Kivett*, of Indianapolis, all for appellant.

*Royse & Travis*, of Indianapolis, *Hume & Gaston*, of Danville, and *Harding & Harding*, of Crawfordsville, all for appellee.

DRAPER, P. J.—This cause, originally filed in the Putnam Circuit Court, is a proceeding for partition and to quiet title to real estate in that county. It was venued to the Hendricks Circuit Court and there tried to a jury, who returned a verdict in favor of the appellees on May 24, 1943, and judgment was entered thereon the following day.

The decree, which was entered by agreement of counsel representing the several parties, included the following paragraph:

"And now all parties, by their several attorneys, waive all rights of appeal and to modify the judgment herein, and all and severally consent that the venue of this cause may be changed back to the

Putnam Circuit Court, and accordingly, the court now orders the venue be changed to the Putnam Circuit Court, and the Clerk of the Hendricks Circuit Court is directed to transcript and certify all the record of this cause in the Hendricks Circuit Court, together with all pleadings and papers herein to said Putnam Circuit Court; all reports and further proceedings in this cause to be had in said court."

On June 5, the change of venue was perfected and the Putnam Circuit Court assumed jurisdiction of the cause.

On June 11, the appellants filed in the Hendricks Circuit Court their separate verified motions to set aside the judgment and decree and to modify and correct it by striking therefrom their waivers of their right to appeal, and they also filed their separate motions for a new trial.

On July 16, the Hendricks Circuit Court granted the motions to modify and correct the decree and modified the same by striking therefrom the paragraph above quoted, and further ordered: ". . . that all the papers in this cause heretofore sent to the Putnam Circuit Court, under that part of the order which is now stricken out, be returned to the Circuit Court of Hendricks County, Indiana."

The motions for new trial were overruled on the same day, and steps were taken to perfect this appeal. All dates above mentioned were within the May term of the Hendricks Circuit Court.

The appellees move to dismiss the appeal, contending, among other things, that at the time of the filing of the motions for new trial in the Hendricks Circuit Court, there was pending there no cause of action in which an appeal could be prosecuted.

The appellants insist that jurisdiction remained in the Hendricks Circuit Court despite the proceedings

above shown, and that no change to Putnam County could be granted without first setting aside the submission of the cause.

It makes no difference, as we view it, whether either party could have compelled a change of venue from the county upon the filing of an application therefor correct in form at that stage of the proceedings when the agreement was shown of record. No application was filed. The title to lands was in issue in the case, and the judgment, ordering as it does the sale of indivisible real estate, had sufficient finality to support an appeal to this court, *Stauffer* v. *Kesler* (1920), 191 Ind. 702, 127 N. E. 803; *Jones* v. *Jones* (1926), 84 Ind. App. 176, 149 N. E. 108, 150 N. E. 65, yet under our statutes governing partition of real estate (§ 3-2401 et seq., Burns' 1933) the court after the entry of this judgment had further duties to perform before the litigation could be considered finally disposed of, and the cause was, to that extent at least, a pending cause of action. For the reason, according to the briefs, that it would be more convenient and economical to transcript the proceedings to the county where the land was situated, there to complete this litigation in which further steps were necessary to be taken, the parties voluntarily agreed to and the court approved the change of venue, and we know of nothing in our law which condemns such procedure. The law gives the Putnam Circuit Court general jurisdiction of the subject matter. The agreement of the parties conferred upon that court jurisdiction of their persons. *Garrigan* v. *Dickey* (1890), 1 Ind. App. 421, 27 N. E. 713. We therefore conclude that the change was properly granted to the Putnam Circuit Court, but even though erroneous, the appellants, having themselves been acquiescent actors in procuring the change to a

court having jurisdiction of the subject matter, may not now successfully assail it. *Coleman* v. *Floyd* (1892), 131 Ind. 330, 31 N. E. 75; *Ritenour* v. *Hess* (1929), 201 Ind. 327, 166 N. E. 657.

As to the effect of the court's order of July 16, granting appellants' motions to modify and correct the decree and attempting to recapture jurisdiction, it may be said that, generally speaking, a court has unlimited power over its judgments during the entire term at which they are rendered, *Livingston* v. *Livingston* (1921), 190 Ind. 223, 130 N. E. 122, and during such term, for good cause, may correct, modify or vacate any of its judgments or orders made therein, *State ex rel.* v. *Superior Court of Marion County* (1931), 202 Ind. 456, 174 N. E. 732, but after a court has divested itself of a jurisdiction which has been lawfully acquired by another court, it cannot vacate or set aside the order by which it did so, *Sun Publishing Co.* v. *Bonifas* (1939), 106 Ind. App. 607, 19 N. E. (2d) 879, nor recall the case nor exercise any further jurisdiction therein. *State ex rel.* v. *Superior Court of Marion County, supra.*

An attorney represents his client in the management of a case and has implied authority to bind him by stipulations and agreements relative to procedure. *Terre Haute Brewing Company* v. *Ward* (1914), 56 Ind. App. 155, 102 N. E. 395, 105 N. E. 58. On the face of the record in this case the proceedings leading to the change of venue were in all things regular. If in fact the circumstances were such that the appellants should not be bound by the agreement made for them by their attorneys, that situation should have been presented, after the change of venue had been perfected, to the Putnam Circuit Court, which court had full jurisdiction to make any appropriate

order or ruling. *Sun Publishing Co.* v. *Bonifas, supra.* See also *State ex rel. Karsch* v. *Eby, Judge* (1941), 218 Ind. 431, 33 N. E. (2d) 336.

We find no merit in appellants' contention that the cause must have remained in the Hendricks Circuit Court so as to permit the Judge of that court to pass upon the motions for new trial. Under Rule 1-9 of the Supreme Court, 1943 Revision, the Judge of the Hendricks Circuit Court, having presided at the trial, would pass upon those motions in whatever court they were properly filed.

The Hendricks Circuit Court having lost and never regained jurisdiction of the cause, we conclude that all steps taken there after the change of venue was perfected were ineffective for any purpose and there is, therefore, no foundation upon which to base this appeal.

Appeal dismissed.

Royse, J. not participating.

Note.—Reported in 57 N. E. (2d) 591.

ON PETITION FOR REHEARING.

DRAPER, C. J.—The appellants insist we erroneously decided this case, and they rely strongly on the cases of *State ex rel. Neal* v. *Superior Court of Marion County* (1931), 202 Ind. 456, 174 N. E. 732, and *Lowry* v. *Indianapolis Traction, etc., Co.* (1921), 77 Ind. App. 138, 126 N. E. 223, both of which cases were carefully considered by us before reaching the conclusion announced.

The Neal case did not involve an agreement to change the venue. In our original opinion we attempted to make it clear that we were not considering the right of either party to *compel* a change, but only their rights under the situation presented.

Under a factual situation quite different, this court in the Lowry case said: "We hold that an application for a new trial whether it be by motion or complaint must be filed in and addressed to the court in which the trial was had." That case was decided before the adoption of Rule 1-9 of the Supreme Court, 1943 Revision and in our opinion the existence of Rule 1-9 removes any reason for the application of the rule announced in the Lowry case to the case at bar.

Petition for rehearing denied.

Royce, J., not participating.

NOTE.—Reported in 58 N. E. (2d) 201.