MATHIS *v.* CLARY.

[No. 867-A-57. Filed November 27, 1967. Rehearing denied January 29, 1968. Transfer denied April 1, 1968.]

*John D. Raikos,* of Indianapolis and *Raikos, Rochford, Melangton & Dougherty,* of Indianapolis, of counsel, for appellants.

*Harry L. Stewart* and *John A. Carson,* of Indianapolis, for appellees.

FAULCONER, J.—Appellees have filed their motion to dismiss this appeal or, in the alternative, to affirm the judgment of the trial court on the ground that the appellants have waived their right to appeal, the time for appealing having expired. Appellants have filed no answer or brief in opposition to this motion.

The important dates and facts pertaining thereto are as follows:

1. On June 25, 1965, appellees brought an action against the appellants in the Superior Court of Marion County, Room No. 3, which was later transferred, by change of venue, to the Boone Circuit Court.

2. After trial by the court judgment was rendered for appellees on August 29, 1966.

3. On September 14, 1966, appellants filed a motion for new trial.

4. On September 21, 1966, appellants filed their written motion to dismiss their motion for new trial, with prejudice, which motion to dismiss was sustained by the court on September 23, 1966.

5. Thereafter, on December 21, 1966, appellants filed their complaint for review of judgment.

6. On May 9, 1967, the court entered judgment for appellees in the action for review of the original judgment.

7. The transcript and assignment of errors in the action to review the judgment were filed with the Clerk of the Supreme and Appellate Courts on August 31, 1967.

Appellees contend in their motion to dismiss or affirm that since appellants' complaint for review of judgment was not filed until December 21, 1966, being 114 days after the rendition of the original judgment, there is no right to an appeal from the judgment entered on the complaint for review.

It appears that an appeal may be taken from an action to review a judgment for error at law if certain requirements are met. One such requirement is that the action to review must be brought within the time specified for taking an appeal. 2 Wiltrout, *Ind. Civ. Proc.*, § 1829, p. 586 (1967).

As stated in *In re Boyer's Guardianship. Rittenour* v. *Hess* (1933), 96 Ind. App. 161, at page 164, 174 N. E. 714, at page 715:

> "The review of a judgment for error of law is a substitute for appeal and will only lie when an appeal might be taken.
>
> . . . . .
>
> "Where the time for appeal has expired before an application for review is made, there can be no appeal from a judgment on the petition for review." See also: *Browne* v. *Blood* (1964), 245 Ind. 447, 196 N. E. 2d 745; *Talge Mahogany Co.* v. *Astoria Mahogany Co.* (1924), 195 Ind. 433, 141 N. E. 50.

The time for taking an appeal is' expressly set forth in Rule 2-2, Rules of the Supreme Court of Indiana, 1967 Revision, as follows:

> "In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the clerk of Supreme Court within ninety (90) days from the date of the judgment or the ruling on the motion for a new trial (whichever is later), unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control. . . ."

The case presently before us does not involve any particular statute as referred to in Rule 2-2, *supra*.

As heretofore indicated, the appellants requested the trial court to dismiss their motion for new trial, with prejudice.

> "The effect of a party's withdrawal of his pleading is the same as if it had never been filed." 23 I.L.E., *Pleading*, § 173, p. 394; *Heeter* v. *Fleming* (1946), 116 Ind. App. 644, 648, 67 N. E. 2d 317.

Consequently the time for taking an appeal (being the same as filing the complaint for review) began from the date of the original judgment.

Repeating the aforementioned dates, the judgment in the original action was entered on August 29, 1966, and the complaint for review of that judgment was filed on December 21, 1966, a difference of 114 days. Since a complaint for review acts as a substitute for the taking of an appeal, *In re Boyer's Guardianship. Rittenour* v. *Hess, supra,* appellants had 90

days in which to file their complaint for review with the court below.

Appellants having failed to file their complaint for review within the required 90-day period from the date of the judgment in the original action, appellees' motion to dismiss this appeal from the judgment entered on the petition to review should be sustained and this appeal dismissed.

Appeal dismissed.

Pfaff, C. J., Bierly, Cooper, Prime and Smith, JJ., concur. Carson, P. J., and Cook, J., not participating.

NOTE.—Reported in 231 N. E. 2d 157.